W. D. PAULEY *v.* STATE COMPENSATION COMMISSIONER

(No. 7263)

Submitted January 27, 1932.   Decided February 2, 1932.

*Lively & Stambaugh,* for relator.

*Howard B. Lee,* Attorney General, and *R. Dennis Steed,* Assistant Attorney General, for respondent.

HATCHER, PRESIDENT:

Mandamus is sought to compel the commissioner to hear and set a date for taking evidence in this case. A chron-

ology follows: On November 19, 1926, C. H. Pauley, aged 22 years, met death while in the employ of a subscriber to the Workmen's Compensation Fund. On January 12, 1927, W. D. Pauley, deceased's father, filed a claim (supported by an affidavit) for compensation as a partial dependent of his son, stating that claimant's earnings were $100.00 per month, and that "approximately $50.00 was contributed to his support by decendent for the year preceding the death. On January 13, 1927, the commissioner instructed claimant to furnish proof of dependency. Nothing was done further until March 30, 1931, when the commisioner, after a visit from deceased's mother, again requested proof of dependency of claimant. on April 3rd an affidavit of Mrs. Pauley was filed, stating that deceased had contributed $10.00 per week for the support of the family, which was used to pay for groceries, together with a certificate of George Russel, stating that while deceased was working in the coal mines he "used to help financially his parents." On April 10th the commissioner requested an inspector of his department to investigate the case. The inspector took the affidavits of Mr. and Mrs. Pauley, from which he reported: "They state deceased paid board at the rate of $10.00 per week while he made his home with them from November, 1925, to the first of September, 1926, and when he was in Charleston for about two months, made no contributions, and that W. D. Pauley's earnings during the twelve months previous to his son's death is $100.00 each month, and that their testimony showed there seemed to be no one dependent, other than father and mother, they being in good health. Therefore, I did not make further investigation." On May 22, 1931, the commissioner mailed a notice to claimant that compensation was refused on the ground that he was not dependent on deceased at the time of his injury and death. This notice, not being delivered, was remailed to claimant on July 16, 1931, with corrected address. On August 13th several affidavits containing cumulative evidence were filed by claimant with a request for a decision upon them. The Commissioner replied on August 17th that he stood by his former order. On August 24th claimant asked that the case be reopened. The commissioner replied on September 1st

referring claimant to his letter of August 17th. On September 23rd the commissioner wrote that he had gone over the affidavits and they did not present proof of dependency, but that if definite proof could be furnished him, he would be glad to go into the matter further. On October 1st affidavits showing the deceased's earnings for several years prior to his death were submitted. Further correspondence resulted in an objection to the commissioner's decision upon the newly submitted evidence, and request for a hearing, which was denied. This action followed.

Code 1923, chapter 15P, section 39, provides: "All proofs of dependency in fatal cases must be filed with the commissioner within nine months from and after the date of death." The claimant did not comply literally with this statute. But conceding (without deciding) that his attempt warranted the commisioner in investigating the claim after the expiration of the nine months period; then the petitioner fails because the order of the commissioner of May 22, 1931, denying the claim was not objected to within ten days from July 16th, when notice thereof was mailed to claimant's proper address. Thereupon the claim was definitely closed. It is settled that after a claim is thus closed the commissioner has no jurisdiction to reopen and reconsider the claim on facts substantially the same as theretofore considered, as he was importuned to do on this claim. *Burdette* v. *Comm'r.,* 111 W. Va. 299, 161 S. E. 556; *Nichols* v. *Comm'r.,* 111 W. Va. 34, 160 S. E. 854; *Enyart* v. *Comm'r.,* 109 W. Va. 613, 616, 155 S. E. 913.

The writ is accordingly denied.

*Writ denied.*