E. E. MOOREFIELD *v.* STATE COMPENSATION COMMISSIONER

(No. 7282)

Submitted April 19, 1932. Decided April 26, 1932.

*Londa Lilly,* for appellant.

*H. B. Lee* Attorney General, and *R. Dennis Steed,* Assistant Attorney General, for respondent.

MAXWELL, JUDGE:

Appellant's claim for compensation was dismissed by the commissioner because not filed within six months after the

date of injury as required by statute, Code 1931, 23-4-15.

Appellant, an employee of Rich-Beckwith Construction Company, a subscriber to the Workmen's Compensation Fund, was injured October 6, 1930, while unloading rock from a truck. His claim for compensation was not received by the commissioner until the 21st of April, 1931, being fifteen days subsequent to the expiration of the six months' period fixed by statute.

The employer's report of the injury was received by the commissioner March 28, 1931, being more than five and one-half months subsequent to the date of the injury. There is no contradiction of appellant's testimony that he repeatedly insisted that the report should be made by his employer, and that on at least two occasions an officer of the company represented to appellant that the report had been made. Appellant further says that when the report was finally made he did not have sufficient time between the date of the report and expiration of the six months' period to file his claim and procure statements of physicians.

That the employer did not deal fairly with applicant in delaying to make a report of his injury and in falsely representing to him that the report had been made is in no wise controlling of the case. Appellant's right to file a claim for compensation was not contingent upon the filing of a report of the injury by the employer. In practice, ordinarily the employer's report is promptly made and the claim for compensation is filed thereafter, but the claimant need not wait to file his claim until after the employer's report has been made.

The statute cited has a proviso that if the employer fails to make report of an injury to an employee within six months, "the commissioner may in his discretion accept an application for compensation filed after the expiration of six months." The applicant seeks to invoke that proviso here. But it has no application here because the report of the employer was filed within six months. Save only as expressly modified by the proviso the six months' limitation must be respected and applied by the commissioner and this court. Neither has authority to enlarge the proviso by liberal construction or

otherwise. Our case of *Poccardi* v. *Commissioner*, 83 W. Va. 166, 98 S. E. 69, emphasizes the necessity of an injured workman's filing his claim within the statutory period of six months in order that he may participate in the Workmen's Compensation Fund. This is in accordance with the construction which is placed generally by the courts upon provisions of compensation acts fixing a time within which claim for compensation may be filed. *Petraska* v. *National Acme Co.*, (Vt.) 113 Atl. 536; *Rubin* v. *Fisher Body Corp.*, 205 Mich. 605; *Haiselden* v. *Industrial Board*, 275 Ill. 115; *Twonko* v. *Rome Brass & Copper Co.*, 224 N. Y. 263. The principle is thus succinctly stated in II Schneider Workmen's Compensation Law, section 545: ''Where the time is prescribed in the act within which the claim must be filed and there is no qualification, such time limit is mandatory and unless claim is made for compensation within the statutory limit the claim is barred.'' In accord: Bradbury's Workmen's Compensation (3rd Ed.), page 1197.

The finding of the commissioner that appellant's claim is barred by the statute is, in our judgment, correct, and we affirm the same.

*Affirmed.*