THEOPHIL SUDRASKI *et al. v.* STATE COMPENSATION COMMISSIONER

(No. 8172)

Submitted September 4, 1935. Decided September 24, 1935.

*Melville Stewart,* for appellants.
*Homer A. Holt,* Attorney General, and *Kenneth E. Hines,* Assistant Attorney General, for respondent.

HATCHER, JUDGE:

This is a claim for compensation by the three infant children of Walter Sudraski, who was killed in 1930, while working in Monongalia County for the Arkwright Coal Company, a subscriber to the Workmen's Compensation Fund. The claim was not filed until 1934, and was rejected by the Compensation Commissioner as barred, because not filed within six months after the fatality, as the statute provides.

The facts relating to the claim are not in controversy.

During the time Sudraski worked for the Arkwright Company he used the alias *John Rice,* and his children lived in Michigan with their mother from whom he was divorced. He was killed on June 27, 1930. "Immediately thereafter" his sister came from Detroit, identified the body as that of Walter Sudraski, and informed E. F. Bowlby, an officer of the Arkwright Company, of Sudraski's true identity and of the existence of his three dependent children in Michigan. Funeral rites were held over Sudraski's body ·in his true name. His death was reported to the State Health Department under that name. The employer, however, reported the casualty to the Commissioner as that of John Rice. The report was dated June 28th and received by the Commissioner on July 1st. It mentioned no dependents. About July 15, 1930, Sudraski's divorced wife approached Bowlby in the interest of the three children and demanded their support and maintenance as provided by law. Bowlby made a note of that demand, but informed her "there was nothing coming to these children." On August 14, 1930, a Michigan attorney wrote to the Arkwright Company that he represented Sudraski's children and requested the necessary blanks upon which to apply for compensation. The reply of the company, written by Bowlby, merely stated that no such person as Walter Sudraski appeared on the company's payroll. The attorney wrote again on August 26th, informing Bowlby that Sudraski had worked under the name of John Rice. Bowlby replied tersely that their records relating to John Rice were "closed." On September 13th, the Michigan attorney referred the claim to a firm of Morgantown attorneys who replied that they represented the Arkwright Company and could not prosecute the claim, but volunteered the following: "We doubt if the state will pay anything to the heirs of Walter Sudraski, even if there is anything remaining after the funeral expenses, which up to this time have not been paid."

On November 12, 1930, the Compensation Commissioner called on the Arkwright Company for information as to the dependents of John Rice, deceased, stating that if he had dependents, application should be made promptly since the six-months period would expire on December 27th. Bowlby

answered for the company, as follows: "According to our employment record made out at the time this party went to work and signed by himself, there were no dependents but we understood that after the accident there was some question as to the correct name of the party. Therefore, the papers are in our hands and we are ready to turn same over to anyone with authority to receive them."

"The papers," however, were not turned over to a representative of claimant and nothing more was done in the matter by anyone until the spring of 1934, when the claimants secured other counsel, by whose efforts the claim was placed before the Commissioner and the facts herein developed.

The section of the Workmen's Compensation Act relating to the filing of claims for compensation is in part as follows: "To entitle any * * * dependent of a deceased employee to compensation under this act, application therefor must be * * * filed in the office of the commissioner within six months from and after the date of * * * death * * *; provided that in case the employer fails to report an injury within six months from and after the date such injury is received, the commissioner may in his discretion accept an application for compensation filed after the expiration of six months," etc. Code 1923, 15P-39. A limitation qualifying a special statutory right, like the six months period above, is generally held to be unaffected by the disabilities and excuses which allay ordinary statutes of limitations, and to be such an inherent part of the statute which creates the right, that the right itself does not survive the limitation. 37 C. J., subject Limitations of Actions, secs. 5 and 51; 19 Am. & Eng. Ency. Law, *idem*, p. 150; Schneider Workmen's Comp. Law, sec. 545; 71 C. J., *idem*, sec. 789. The West Virginia decisions trend that way. *Poccardi* v. *Ott*, 83 W. Va. 166, 98 S. E. 69; *Moorefield* v. *Commissioner*, 112 W. Va. 229, 231, 164 S. E. 26. Our statute, however, gives the commissioner discretion to revive the right after the six months period has expired whenever the employer has failed to report the injury within that period.

Code 1923, 15P-11, directs the Commissioner to prepare report blanks for the use of employers, and requires them "to answer fully and correctly all pertinent questions therein

propounded, and if unable to do so'' to give good reasons for such failure. The statute further requires that ''answers to such questions shall be verified.'' The report herein does not comply with the statute. The employer had information at or about the time of making the report that the ''John Rice'' supposedly with no dependents, who had been killed in its mine on June 27th, was in reality Walter Sudraski, who had dependents. Yet instead of reporting that information to the Commissioner, the employer merely reported the death of John Rice. The report is dated the day after the accident. The precise moment the employer received this information does not appear; but it was before Sudraski's body was interred. Assuming that the information came after the report was mailed, no effort was made by the employer to amend the report, and its fallacy was confirmed in the employer's letter to the Commissioner in November, 1930. Moreover, the report was not verified. When a report is both incomplete (in form) and materially misleading (in substance), such as this one, it is not the report contemplated by the statute. It is in effect no report.

Therefore, the acceptance of this claim is discretional with the Commissioner, and it is returned to him for the exercise of that right.

*Reversed and remanded.*