ROBERT PRIDGEN *v.* STATE COMPENSATION COMMISSIONER, *et al.*

(No. 8882)

Submitted February 8, 1939. Decided March 14, 1939.

*Charles P. McCabe,* for appellant.

*Clarence W. Meadows,* Attorney General, and *Marlyn E. Lugar,* Special Assistant Attorney General, for appellees.

Fox, PRESIDENT:

The claimant, while employed by the Branch Coal & Coke Company, and in the course of his employment,

suffered an injury on the first day of July, 1937, the extent and nature of which are not involved in this appeal. The employer reported the injury to the Compensation Commissioner on October 25, 1937. On the 4th day of January, 1938, the claimant made out and signed an application, duly verified, asking for compensation on account of his injury and this application was filed in the office of the Compensation Commissioner on January 24, 1938. It will be noted that the application was verified three days after the expiration of the period within which it should have been filed at the office of the Compensation Commissioner under the provisions of Code, 23-4-15, and was not in fact filed in said office until twenty-one days later. Compensation was refused on account of the failure to file this application within the time required by law, the final order in the matter having been entered by the Compensation Commissioner on the 23rd day of June, 1938. The first order refusing compensation was entered on the 27th day of January, 1938, and the last and final order was entered upon a petition filed with the Compensation Commissioner on June 17, 1938. An appeal being taken from the final order, and the action of the Compensation Commissioner having been upheld by the Workmen's Compensation Appeal Board, in an order entered on October 22, 1938, the case comes to this court on appeal from that order.

This case is governed by the decision in *Young* v. *Compensation Com'r.*, 121 W. Va. 126, 3 S. E. (2d) 517, this day decided, and it would seem to be unnecessary to repeat here the reasons upon which that case was decided. It is well, however, to note that in the *Young* case the application for compensation was signed and verified within the six months period, whereas in this case the application was not verified until after the expiration of the six months period and, of course, not filed within that period. This affords an additional reason why the rulings of the Compensation Commissioner and the Appeal Board should be upheld, and they are accordingly affirmed.

*Affirmed.*