ELEANOR BOWDLER, *Widow, etc. v.* STATE COMPENSATION COMMISSIONER *et al.*

(No. 9350)

Submitted September 2, 1942. Decided September 22, 1942.

*Blue, Dayton & Campbell,* for appellant.
*James G. Jeter, Jr.,* for appellee.

RILEY, JUDGE:

On June 17, 1940, Percy G. Bowdler was awarded compensation under Chapter 79, Acts West Virginia Legislature, 1935, for third stage silicosis. The date of his last exposure to silicon dioxide dust in harmful quantities was November 27, 1939, and more than one year thereafter (August 9, 1941,) he died. Decedent's widow, Eleanor

Bowdler, on September 3, 1941, filed application on behalf of herself and two infant children for benefits, and the Appeal Board having reversed an order of the Compensation Commissioner, which denied compensation thereon, and having awarded monthly benefits to the widow and infant children, the employer, The Homer Laughlin China Company, obtained an appeal from such order.

Denial of compensation by the Commissioner was predicated upon Section 9 of said act, which provides, in part, as follows:

> "(a) To entitle any employee to compensation for silicosis under the provisions hereof, the application therefor must be made on a form or forms prescribed by the commissioner and filed in the office of the commissioner within one year from and after the date of the last injurious exposure to silicon dioxide dust, or in case of death, the application shall be filed as aforesaid by the dependent of such employee within one year from and after the date of the last injurious exposure to silicon dioxide dust."

The position of the employer is that the quoted provision is jurisdictional and that no widow or dependent is entitled to compensation in a fatal case unless death ensues within one year from the date of the last exposure. The contention of claimant is that there is no requirement that both the claimant and the widow (and dependents) should file a claim within the one-year period but that the statute requires only alternative action and, when the deceased employee filed application for benefits within the one-year period, it was unnecessary for the widow to file her application within such time.

This is the initial consideration by this Court of the issue here presented.

In *Jones* v. *Rinehart & Dennis Co.*, 113 W. Va. 414, 168 S. E. 482 (1933), disease contracted in the course of and resulting from employment was characterized as noncompensable under the compensation act, "unless directly attributable to a definite, isolated, fortuitous occurrence"; and the period within which actions for such non-compen-

sable diseases had to be brought was "one year next after the right to bring the same shall have accrued, and not after." *Scott* v. *Rinehart & Dennis Co.*, 116 W. Va. 319, 180 S. E. 276 (1935). Chapter 79, Acts West Virginia Legislature, 1935, was enacted for the purpose of "providing compensation for disability, disablement or death result-- ing from silicosis." A primal and pertinent inquiry is, who is entitled to benefits under the statute? Section 5 directs disbursement of the silicosis fund to employees who "shall have contracted silicosis in this state in the course of and resulting from their employment, or to the dependents, if any, of such employees, in case death has ensued, according to the provisions hereinafter made." The same section likewise contains the following language:

"Where an employee suffers from the disease of silicosis as hereinafter defined, or dies as the result of such disease, and the disease is due to the nature of an occupation or process in which he was employed at any time within one year previous to such disease, and claim therefor has been made within one year after the last exposure of said employee to silicon dioxide dust in harmful quantities, the employee, or in case of death his dependents, shall be entitled to compensation for silicosis as provided herein: * * *."

What then are the "provisions hereinafter made" and the "compensation for silicosis as provided herein"?

Section 7 of the silicosis statute deals with the various stages of silicosis, as defined by the act, and fixes benefits for each stage; and subsection (d) thereof provides:

"If the employee dies from silicosis within one year from the date of the last exposure of the employee to silicon dioxide dust in harmful quantities, the benefits shall be in the amounts and to the persons provided for in section 1, article four of this chapter * * *."

The last cited statutory reference treats of disbursement of the workmen's compensation fund and provides for

payment to the dependents where death has ensued to the employee. Hence, we find that under subsection (d), benefits are payable to dependents if death to the diseased employee occurs within the one-year period.

It is asserted by claimant that Section 5, requiring that "claim therefor has been made within one year," compels only that a claim be filed and not one by both employee and the widow, or other dependents. This contention is not persuasive when considered in the light of Section 7 (d) from which a dependent's right to benefits emanates; nor is claimant's position tenable that no provision is made for compensation benefits where the employee's death ensues after the one-year period, and, therefore, under Code, 23-6-2 (d), the right of claimant falls within the rights accorded dependents under Code, 23-4-10.

Code, 23-6-2 (d) does provide that the provisions of the Workmen's Compensation Act relating to disbursements for benefits and compensation apply to the silicosis fund, "except as otherwise herein specially provided"; and if the silicosis statute did not specially provide when dependents were to be paid benefits, then Code, 23-4-10, providing for benefit payments to dependents "in case the personal injury causes death within the period of six years and the disability is continuous from date of such injury until date of death," would be applicable. However, Section 7 (d), quoted above, clearly places a limitation of one year in silicosis cases. Under the Workmen's Compensation Act the limitation is extended to six years. The grant of benefits to dependents of employees whose deaths have resulted from silicosis is a matter for the Legislature, and an extension thereof by judicial pronouncement beyond what is clearly provided by statute would be unwarranted.

Having concluded that a dependent's right to benefits is circumscribed by a limitation in which death shall occur if such dependent is to participate in the fund, we must say that the language of Section 9 that a dependent must file application within one year from and after the date

of the last injurious exposure to silicon dioxide dust is clear in its requirement which, in compensation cases other than silicosis, we have held to be jurisdictional. *Young* v. *Compensation Commissioner,* 121 W. Va. 126, 3 S. E. (2d) 517; *Pridgen* v. *Compensation Commissioner,* 121 W. Va. 136, 3 S. E. (2d) 522.

For the foregoing reasons the ruling of the Appeal Board is reversed and the claim remanded with direction that the order of the Compensation Commissioner be affirmed.

*Reversed and remanded.*