JAMES F. HARRIS *v.* STATE COMPENSATION COMMISSIONER *et al.*

(No. 9449)

Submitted February 9, 1943. Decided March 26, 1943.

*Price, Smith & Spilman* and *Howard Van Antwerp,* for appellant.

*Patrick J. Flanagan,* for claimant.

RILEY, PRESIDENT:

Kingston-Pocahontas Coal Company appeals from the order of the Workmen's Compensation Appeal Board, affirming an order of the Workmen's Compensation Commissioner which awarded James F. Harris thirty-three per cent permanent partial disability for total loss of vision of the right eye.

On August 9, 1938, claimant was injured at the Hemphill mine of Kingston-Pocahontas Coal Company as a result of having been struck in the right eye by a piece of slate. He was admitted to Grace Hospital at Welch on August 10, 1938, discharged therefrom on August 16 following, and readmitted on August 23, remaining there for about one week. He was paid for three and five-sevenths weeks on a temporary basis for loss of time. As of September 5, 1938, the commissioner closed the claim and claimant returned to work on September 13, 1938. Claimant by letter dated September 19, 1939, informed the commissioner that it had been one year since he "lost" his "eyesight". Dr. Straub of Grace Hospital, to whom claimant was referred by Dr. Laslie, one of the department's medical examiners, reported on October 9, 1939, that "Dr. Gates is convinced he [claimant] is a malingerer", and Dr. Bobbitt, an eye, ear, nose and throat specialist of Charleston, reported that claimant is malingering his loss of vision and is entitled to no compensation for the eye injury. Thereafter the commissioner wrote claimant a letter, dated December 15, 1939, stating: "* * * there has been no compensable loss of vision as a result of your injury * * *. Either party has thirty days within which to make application for an appeal to the Workmen's Compensation Appeal Board". This was the only notice of the commissioner's action, and it did not state that claimant had thirty days after its receipt within which to object.

Claimant did not, within thirty days after he received this notice, protest or ask for a hearing.

On September 16, 1941, claimant wrote to the commissioner, stating that he had worked until October 4, 1938, when he was again injured, but returned to work in December, 1939, and continued until again injured on October 22, 1940, and has not since been permitted to work. In this letter he complained that his eye had continued to give him trouble "although it has been getting some better", and finally he asked that his case be held up until he could file a medical report showing the present condition of his eye. On September 24, 1941, in reply to a letter of claimant's counsel, the commissioner gave claimant a "reasonable time" to submit medical evidence in support of his claim, and on December 18, 1941, claimant submitted the report of Dr. V. T. Churchman, also an eye, ear, nose and throat specialist of Charleston, which stated that though there was no direct injury to claimant's eye, the lower right lid was injured so that its edge pulled away from the eyeball, causing a drooping of the lid and allowing tears to dam and run over the edge, which resulted in the blurring of his vision and watering of his eye. He advised an operation to shorten the eyelid. The Churchman report was submitted to Dr. Frazier and Dr. Shepherd, to whom claimant was directed for examination. After examination and report by these doctors, the commissioner on February 28, 1942, made the award complained of, following which a hearing was held upon protest of the employer, and thereafter, on July 25, 1942, the commissioner affirmed his former award, which, on October 10, 1942, was affirmed by the appeal board.

The only question presented on this appeal, according to the coal company's brief and oral argument, is whether claimant is barred by the commissioner's order of December 15, 1939, denying compensation, for the reason that claimant did not protest this order, or request a hearing, or present any new fact not previously considered by the commissioner.

Appellant's counsel having elected to present to us this question of jurisdiction only, our opinion will be confined to its consideration. Tersely stated, the question is whether the order of December 15, 1939, is final. That question must be decided in the negative, unless there has been a sufficient compliance with Code, 1931, 23-5-1, as amended by Acts, West Virginia Legislature, 1939, Chapter 137, Article 5, Section 1, which provides in part:

"* * * upon the making or refusing to make any award, or upon the making of any modification or change with respect to former findings or orders, as provided by section sixteen, article four of this chapter, the commissioner shall give notice, in writing, to the * * * claimant * * * of his action, which notice shall state the time allowed for filing an objection to such finding, and such action of the commissioner shall be final unless the * * * claimant * * * shall, within thirty days after the receipt of such notice, object, in writing, to such finding. Upon receipt of such objection the commissioner shall, within thirty days from receipt thereof, set a time and place for the hearing of evidence." ·

The foregoing provisions of this section are mandatory as to the party adversely affected by the commissioner's ruling. Thus, the ten-day period within which a party adversely affected shall object to the commissioner's finding, as provided by Acts, West Virginia Legislature, 1929, Chapter 71, Section 43, has been held mandatory. *Conovas v. Ott, State Compensation Commissioner,* 108 W. Va. 397, 151 S. E. 309; *Enyart v. State Compensation Commissioner,* 109 W. Va. 613, 155 S. E. 913; *Davis v. State Compensation Commissioner,* 110 W. Va. 25, 156 S. E. 844; *Butch v. State Compensation Commissioner,* 112 W. Va. 493, 165 S. E. 672.

Likewise, we think, the statutory requirement as to contents of the notice is mandatory. This Court, in appraising Acts, West Virginia Legislature, 1935, Chapter 78, Article 5, Section 3, which required the commissioner to state in the notice of his action in a matter the time

allowed for an appeal therefrom, held that the commissioner's ruling lacks finality where the notice does not so do. *Lancaster v. Compensation Commissioner,* 125 W. Va. 190, 23 S. E. 2d 601; see also *Georges Creek Coal Co. v. Workmen's Compensation Appeal Board,* 117 W. Va. 89, 93, 183 S. E. 866. Except that the 1935 statute required that the notice state the time for an appeal and the instant statute provides for notice as to time for an objection, the last two cases are not to be distinguished from the case at bar. It follows that the commissioner's failure to state in his notice that claimant had thirty days within which to object to the commissioner's action of December 15, 1939, denying compensation, prevented the commissioner's action from becoming final.

The fact that the notice stated that claimant had thirty days within which to appeal is not a compliance with the statute. By the 1939 act, substituting a thirty-day period within which an objection can be made for the thirty-day period for an appeal, provided for in the 1935 act, the Legislature evidently intended to lighten the burden upon a party adversely affected by the action of the commissioner in making or refusing any award, or the making of any modification or change with respect to former findings or orders. We are not at liberty to hold the statutory provision as to notice directory, for to do so would destroy the legislative intent as embraced in the 1939 amendment to the statute.

The foregoing disposes of the only question presented to us by counsel for appellant. In the circumstances of this case the proceedings entertained by the commissioner, after his action of December 15, 1939, did not involve the reopening of a former finding. They were the same proceedings which would have been had if the action of December 15 had not been taken.

We therefore affirm the order of the appeal board affirming the commissioner's award for total loss of vision.

*Affirmed.*