ANNA L. CARRIER *v.* STATE COMPENSATION COMMISSIONER *et al.*

(No. 9562)

Submitted January 12, 1944. Decided February 8, 1944.

*Spilman, Thomas & Battle,* for appellant.
*James G. Jeter, Jr.,* for appellee.

KENNA, JUDGE:

Roy Carrier died April 21, 1941, allegedly from the effect of eating food containing a poisonous substance at the cafeteria of American Viscose Corporation maintained by that company as a part of its plant for the exclusive use of its employees. The employer did not report his death to the Commissioner within six months. On February 17, 1942, Anna Carrier, his widow, filed her application for compensation and on July 15, 1942, the Commissioner entered an order denying an award because Carrier's death had not been occasioned by an injury received in the course of and resulting from his employment. Upon protest and hearing the order of the Commissioner was reversed on July 21, 1943, by an order which awarded the widow $30 a month, limited by the statutory restrictions. The employer appealed to the Appeal Board which affirmed the Commissioner's award by an order entered October 9, 1943. This Court granted an appeal upon the application of the employer from the last named order, the questions presented being two, that is:

1. Whether the application was made in time to be considered by the Compensation Commissioner or whether under the provisions of Code, 23-4-15, the Commissioner's power to entertain the claim did not cease to exist upon the expiration of six months from the death of claimant's decedent, and

2. Whether the claim was for an injury sustained in the course of and resulting from decedent's employment.

Upon the first question the employer in order to meet the contention of applicant urges that the section under consideration, immediately following the provision limiting the power of the Commissioner to entertain applications for compensation to those filed within six months following injury or death, contains a proviso extending the period upon failure of the employer to report, the terms of which are limited and apply only to living em-

ployees with directly compensable claims and not to the beneficiaries of deceased employees, and that, therefore, the claim of Mrs. Carrier was invalid when filed. The proviso referred to is in the following language (italics ours):

> "Provided, that in case an employer fails to report an injury within six months from and after the date such injury is received, the commissioner shall accept the application for compensation *filed by the employee* after the expiration of six months but within twelve months from the date of such injury: * * *".

As against the contentions of the employer, counsel for the applicant urged that the compensation act is to be liberally construed in favor of the employee, and that being so, it was certainly not the legislative purpose in extending the time under the terms of the proviso to prefer a living employee, perhaps not seriously hurt, to the beneficiaries of an employee who had died as the result of his injuries.

This Court has repeatedly held that strict rules of procedure are not to be applied under the Compensation Act, holding in one instance that an incomplete application made by the decedent miner's brother, not a beneficiary, and received in time, could be supplemented by supplying essentials contained in the widow's application filed twelve days late. *Culrides* v. *Ott,* 78 W. Va. 696, 701, 80 S. E. 270, L. R. A. 1918 S. 498. From the general rule thus established we would be disposed to expand the meaning of the proviso under consideration in accordance with the contention of the employee, who admits that according to the literal wording of the provision under consideration the failure of the employer to report extends the time only for living employees and not for the beneficiaries of deceased employees, were it not for what we consider a very clear pronouncement of this Court limiting the section in question. In the case of *Moorefield* v. *State Compensation Commissioner,* 112 W. Va. 229, 164 S. E. 26,

when considering a similar proviso contained in the statute which then vested discretion in the Compensation Commissioner to accept an application after the six months period, this Court used the following language: "Save only as expressly modified by the proviso the six months' limitation must be respected and applied by the commissioner and this court. Neither has authority to enlarge the proviso by liberal construction or otherwise." In 1935 and in 1939 the Legislature, knowing the construction that this Court had placed upon the section as it then read, instead of enlarging and liberalizing its meaning, restricted its provisions further by striking out the language which vested the Commissioner with discretion to receive and act upon delayed claims of all kinds and substituting the present proviso, the terms of which expressly go no further than to extend the time during which employees, necessarily living employees, may file valid claims. We think it was therefore the plain legislative intention by the amendments adopted in 1935 and in 1939 to restrict the terms of the provisos contained in what was then Code, 23-4-15, and that in any event it was not the legislative purpose to permit its enlarged construction so as to extend its terms in the light of this Court's express statement on that question.

For the above reasons we feel that the order of the Compensation Commissioner and that of the Appeal Board must be reversed because the provisos contained in Code, 23-4-15, do not extend the time for filing a claim that cannot be filed by a living employee.

Having decided that the Compensation Commissioner was without power to entertain the claim filed by Mrs. Carrier it becomes unnecessary to consider the application on its merits.

*Reversed*