205 S.E.2d 130 (1974)
Franklin D. SPAULDING
v.
STATE WORKMEN'S COMPENSATION COMMISSIONER and Eastern Associated Coal Company.
No. 13417.
Supreme Court of Appeals of West Virginia.
May 21, 1974.
W. O. Bivens, Jr., Michael H. Lilly, Bluefield, for appellant.
H. G. Shaffer, Jr., Madison, for appellees.
CAPLAN, Chief Justice:
The claimant, Franklin D. Spaulding, was injured on September 10, 1971, while in the employ of Eastern Associated Coal Corporation. As described on the Employer's Report of Injury the claimant received a neck injury when a "Piece of chisel chipped off hitting injured in neck." Although the claim which claimant subsequently filed was determined to be compensable, inasmuch as there was no lost time in excess of three days, there was no payment of compensation on a temporary total disability basis.
Upon further consideration of the claim, the commissioner, by order dated May 4, *131 1972, granted the claimant a 1% permanent partial disability award. As a result of a protest of this award by the claimant, a hearing was held and doctors' reports were received for consideration by the commissioner. Thereafter on October 12, 1972, the commissioner, by order, affirmed the award of May 4, 1972. That order contained the following direction by the commissioner: "Either party has thirty days from receipt of this order within which to appeal therefrom. In the event an appeal is taken, appeal forms must be filed with the State Compensation Commissioner within thirty days from receipt of this notice."
Being dissatisfied with the commissioner's ruling and desiring to file an appeal, the claimant's counsel forwarded a letter, dated October 24, 1972, to the appeal board wherein he said: "Please be advised that the claimant in the above matter would like to appeal the one percent award made in this case." Counsel who wrote the above quoted letter was retained by the claimant on October 24, 1972. Some time subsequent to that date the claimant received the appeal forms from the appeal board and submitted them to his counsel. On December 12, 1972, said forms were submitted to the appeal board.
On the basis of Baker v. State Compensation Commissioner, 143 W.Va. 536, 103 S.E.2d 391, the appeal board held that the notice of appeal, not having been submitted on the forms prescribed by it, was not filed within the statutory thirty-day period and that the board was therefore without jurisdiction to consider it. Contending that the notice of appeal filed by the claimant through his counsel was adequate to confer jurisdiction on the appeal board the claimant prosecuted this appeal.
The sole question for resolution on this appeal is whether the Workmen's Compensation Appeal Board was divested of jurisdiction in an appeal from an order of the Workmen's Compensation Commissioner for the reason that the notice of appeal was conveyed by letter rather than by the form prescribed by said board under its rule making power.
The Workmen's Compensation Appeal Board has been granted rule making power by Code, 1931, 23-5-2, as amended, which, in pertinent part, provides:
The board shall, from time to time, compile and promulgate such rules of practice and procedure as to it shall appear proper for the prompt and efficient discharge of its business and such rules shall be submitted to the supreme court of appeals for approval, and if approved by such court shall have the same force and effect as the approved rules of procedure of circuit courts.
Pursuant thereto the board promulgated Rules of Practice and Procedure which were approved by this Court on May 5, 1966. Rule 1 thereof, designated Notice of Appeal, reads: "The notice of appeal to be filed with the Commissioner shall be in form or effect as follows, and shall be in quintuplet:". This notice is exactly what it purports to be, a notice by the claimant of his desire to appeal from an adverse order of the commissioner. Such notice does not contain any factual or argumentative matter relative to the merits of the claim. That is the function of a brief to be subsequently filed.
The claimant, being the aggrieved party in this case, is given a statutory right to appeal. Code, 1931, 23-5-3, as amended, where pertinent, provides: "Any employer, employee, claimant, or dependent, who shall feel aggrieved at any final action of the commissioner * * * shall have the right to appeal to the board * * *. The aggrieved party shall file a written notice of appeal with the compensation commissioner, directed to such board, within thirty days after receipt of notice of the action complained of * * *."
As aforesaid, the claimant, through his counsel, served written notice on the appeal board that he desired to appeal the *132 1% award. As above noted, the appeal board held that the appeal was not filed within the 30 day statutory period because it was not on the forms prescribed by it pursuant to its rule making power.
In the instant case it is undisputed that the notice of appeal, though not in the precise form prescribed by the appeal board, was submitted in behalf of the claimant within the statutory thirty-day period. The notice of appeal, if adequate, was therefore timely filed, the issue being the adequacy of the notice. Clearly, the appeal board has jurisdiction of this claim at the appeal stage. However, the board's ruling was based on a prior decision of this Court in Baker v. State Compensation Commissioner, supra, wherein it was held in point 2 of the syllabus: "The Workmen's Compensation Appeal Board is without jurisdiction to consider a purported appeal from an adverse ruling of the State Compensation Commissioner not filed with the State Compensation Commissioner in compliance with the provisions of 23-5-1b of the West Virginia Code, as amended, and the Rules of the Workmen's Compensation Appeal Board, as approved by this Court." Code, 1931, 23-5-1b, referred to in the above quoted syllabus point, refers to a thirty-day appeal period in a case in which the commissioner refused to reopen a claim.
The Baker case forms a proper basis for the appeal board's ruling. This appeal was granted by this Court, however, to reconsider the decision reflected by the above quoted syllabus point. A proper decision in this case requires, in addition to a reading of the pertinent statute and rules and regulations of the appeal board, an examination and thoughtful consideration of the purpose and spirit of workmen's compensation laws.
Reflecting the view of this Court that workmen's compensation laws were enacted for purposes beneficent to employees covered thereby and were therefore to be liberally construed to accomplish that purpose was a decision handed down a relatively short time after such laws were enacted by our legislature. In Poccardi v. Ott, 82 W.Va. 497, 96 S.E. 790 (1918), the Court, referring to compensation laws, succinctly remarked:
The statute itself relaxes the commonlaw and statutory rules of evidence, and abolishes the technical and formal rules of procedure other than those expressly retained, and requires each claim to be investigated in such manner as may best be calculated to ascertain the substantial rights of the parties and justly and liberally effectuate the spirit and purpose of its provisions. Its object is beneficent and bountiful; its provisions broad and generous. The intention and design of its enactment is to establish a mode for the prompt redress of grievances and secure restitution commensurate with the loss of the services of those upon whom depend for support and maintenance the persons named in the statute as its beneficiaries. Strict rules are not to obtain to the detriment of a claimant in violation of these wholesome purposes. The rejection of this claim seems to us not to accord fully with that spirit and object.
Another early case demonstrating this Court's policy of liberal interpretation of compensation laws is Culurides v. Ott, 78 W.Va. 696, 90 S.E. 270 (1916). Significantly, that case involved a compensation form which was not executed in precise accordance with the direction of the commission rules. Therein, this Court said, "In these circumstances, to refuse to allow the claim of the dependents ignores the liberality which the statute requires to effectuate its purpose." See also Sowder v. State Workmen's Compensation Commissioner, W.Va., 189 S.E.2d 674 (1972); Bragg v. State Workmen's Compensation Commissioner, 152 W.Va. 706, 166 S.E.2d 162 (1969); Morris v. State Compensation Commissioner, 135 W.Va. 425, 64 S.E.2d 496 (1951); Machala v. State Compensation Commissioner, 109 W.Va. 413, 155 S. E. 169 (1930); and Mercer v. Ott, 78 W. Va. 629, 89 S.E. 952 (1916).
*133 The legislature has expressly recognized the nontechnical nature of compensation laws and the beneficent purpose thereof by its enactment of Code, 1931, 23-1-15 which provides:
The commissioner shall not be bound by the usual common-law or statutory rules of evidence, but shall adopt formal rules of practice and procedure as herein provided, and may make investigations in such manner as in his judgment is best calculated to ascertain the substantial rights of the parties and to carry out the provisions of this chapter.
This section having been a part of the compensation law when the appeal board was created, it has been held that its provisions govern proceedings before that board as well as those before the commissioner. Vento v. State Compensation Commissioner, 130 W.Va. 577, 44 S.E.2d 626 (1947).
Applying the principles expressed in the decisions herein cited and the language of the above quoted statute to the instant case, we are of the firm opinion that the ruling of the appeal board was not justified and must be reversed. Wherein a statute provides that a notice of appeal must be submitted "within thirty days after receipt of notice of the action complained of", such provision, in relation to the time limit, is jurisdictional and the appeal board is without jurisdiction to consider any appeal filed after that specified time.
In the case at bar a notice of appeal was filed within the statutory thirty-day period although not on the form prescribed by the appeal board. Considering the purpose and spirit of compensation laws, as reflected above, it would not be in the interest of justice to permit such a formalistic rule to divest the appeal board of jurisdiction. We perceive no reason to consider the failure to file a particular form a jurisdictional matter. Inasmuch as we cannot distinguish Baker v. State Compensation Commissioner, supra, from the instant case and we discern no reason to continue its approval, the Baker case is overruled wherein it holds that the Workmen's Compensation Appeal Board is without jurisdiction to consider an appeal from an adverse ruling of the commissioner because the notice of appeal was submitted by letter rather than on a form prescribed by the board under its rule making power.
That the appeal board can by its rules and regulations require a notice of appeal to be given within thirty days is undisputed; nor can it be disputed that such board can require the submission of the appeal on its forms. We hold here that a reasonable notice in writing must be served within the statutory thirty-day period and if such reasonable written notice is so filed, whether it be on the form prescribed by the board or by letter, the appeal board shall have jurisdiction to consider the appeal. This decision in no manner deprives the appeal board of its authority to control appeal procedures and it may by formulation of proper rules require timely processing of the appeal.
In view of the foregoing the holding of the appeal board is reversed and the case is remanded with directions that it consider this appeal.
Reversed and remanded.