Tilmon LOCKARD, Appellant,

v.

**WORKMEN'S COMPENSATION BOARD et al., Appellees.**

Court of Appeals of Kentucky.

March 25, 1977.

Rehearing Denied June 3, 1977.

Discretionary Review Denied Sept. 13, 1977.

Robert E. Hogan, Louisville, for appellant.

Louis G. Mayer, Dept. of Labor, Charles S. Cassis, Brown, Todd & Heyburn, Louisville, Kenneth E. Hollis, Gen. Counsel, Dept. of Labor, Frankfort, for appellees.

Before COOPER, REYNOLDS and VANCE, JJ.

VANCE, Judge.

This is an appeal from a judgment dismissing appellant's petition for review of an order of the Workmen's Compensation Board. The only question for review is whether the petition for review was filed in time.

KRS 342.285 provides that an order or award of the Workmen's Compensation Board may be reviewed upon the filing of a petition within twenty days after the rendition of the award or order.

The order for which review is sought was entered on January 19, 1976. The petition for review was filed February 10th, twenty-two days after the rendition of the order.

Appellant contends the filing was timely because CR 6.05 is applicable. CR 6.05 al-

lows three extra days when a party has a right or is required to do some act within a proscribed period after the service of a notice or other paper upon him when the service is made by mail.

The service of the order upon appellant was by mail and he contends the twenty-day period in which an appeal may be filed should be extended by three days under CR 6.05.

Appellant's position would be sound if the appeal time commenced to run from the date of the service of the order. KRS 342.-285 provides, however, that the appeal time shall run from the date of rendition of the order, not its service upon the parties. In *Kendrick v. Fields*, Ky., 384 S.W.2d 64 (1964), the dismissal of an appeal for late filing was upheld in the face of appellant's contention that he received no notice of the order but where the board's records indicated notice was mailed immediately after entry on the order.

The notice of the order in this case was mailed to appellant's counsel four days after it was entered. Appellant contends this was not immediate notice as required by KRS 342.275. The purpose of immediate notice, of course, is to allow the parties time in which to perfect an appeal and the board will not be permitted to frustrate an appeal by delaying notice of its orders until the time for appeal has expired. *Jones v. Davis*, 246 Ky. 293, 54 S.W.2d 681 (1932).

There is no showing or contention here that the mailing or the notice was so delayed that appellant did not have time to perfect his appeal within the time allowed by statute.

The judgment is affirmed.

All concur.