ALBERT C. SOWDER

*v.*

STATE WORKMEN'S COMPENSATION COMMISSIONER, *and* THE NEW RIVER COMPANY, *a corporation*

(No. 13199)

Submitted May 16, 1972.          Decided June 21, 1972.

890

*Higgins, Thrift & Mahan, Frank K. Mahan,* for appellant.

*R. L. Theibert,* for appellee.

CAPLAN, JUDGE:

This is an appeal by the employer, The New River Company, a corporation, from an order of the Workmen's Compensation Appeal Board dated January 28, 1972, which, reversing the order of the commissioner, held the claimant's claim to be compensable.

Albert C. Sowder, the claimant, alleges that he was injured while in the employ of The New River Company. According to his petition the claimant on April 26, 1968, while driving a buggy on which he was hauling coal from a conveyor, struck a rut or a low place in the roadway causing the steering mechanism on the buggy to jerk his arm and shoulder violently, simultaneously causing him to suffer severe pains in the chest. Describing this pain in a subsequent hearing, the claimant stated "I would say more like something that hit me in the chest or like you said before, my chest wanted to explode, like." He testified that he told his fellow worker, Andy Kincaid, about this pain but he continued to haul coal the rest of that day which was a Friday. He rested over the weekend but went back to work on Monday and again experienced pain in his chest. He continued to work that day and completed a Tuesday shift. On April 30, 1968 he went to the hospital and his ailment was diagnosed as an acute myocardial infarction by a Dr. Preston Davis.

Subsequently, on June 3, 1968, the claimant filed an application for workmen's compensation, relating on his form C.D. 6 as the cause of the accident, "Tractor I operate struck object or rut causeing kickback on steering wheel". He listed as a description of his injury "Servere pain in chest". The commissioner entered an order dated August 14, 1968 rejecting the claim on the ground that it was not the result of an injury received in the course of and as a result of his employment. The claimant filed a timely protest and after further hearings the commissioner affirmed his ruling. Upon appeal to the appeal board the claim was remanded for further development and after further hearings the commissioner, by order dated July 14, 1970, affirmed his former ruling and again upon appeal the case was remanded. After additional hearings the commissioner, by order dated July 13, 1971, again held that the claim was not compensable. Upon appeal, the appeal board reversed the commissioner and held that the claim was compensable. It is from this order that the employer prosecutes this appeal.

The sole issue in this case is whether the evidence supports a finding that the heart attack suffered by the claimant was the result of an injury received in the course of and resulting from his employment.

It is undisputed that the claimant experienced severe chest pains simultaneously with the violence caused by the buggy incident alluded to above. Not only did the claimant testify to this occurrence but at a hearing he made available a fellow worker, Andy Kincaid, who was prepared to support the claimant's testimony relating to the rough condition of the roadway and the reaction of the steering mechanism of the buggy upon driving onto a rut or an uneven portion of such roadway. Counsel for the employer chose not to examine Mr. Kincaid, who, incidentally was also a buggy operator in the employer's mine. Unquestionably, then, this incident occurred in the course of the claimant's employment. The determination of whether the claimant's disability constituted an injury

resulting from his employment depends on the evidence in the record of this case.

Basically, it is the position of the employer that the claimant has failed to prove a causal connection between the violence experienced during the buggy incident and his heart attack. Thus, we must address ourselves to the proof offered and the evidence available to the appeal board to determine whether or not the decision of that body was clearly wrong.

Dr. Preston C. Davis, the claimant's attending physician, furnished the only medical evidence in this case. He testified that he felt there was a causal relationship between the mine incident and the claimant's heart attack. Dr. Davis acknowledged that he could not say with absolute certainty that the complained of violence did cause the myocardial infarction, but he explained how such turbulence could cause such condition and persisted in his belief that it probably did. Significantly, Dr. Davis said: "I would consider it as a rather rare coincidence to have this type of injury and a heart attack, both at the same time and they not be *causely* related. I can't say for sure whether the injury precipitated the heart attack, but I think it is probably likely."

While it is elementary that a claimant must bear the burden of proving his claim, *Staubs v. State Workmen's Compensation Commissioner,* 153 W.Va. 337, 168 S.E.2d 730, it is not necessary in a workmen's compensation case to prove to the exclusion of all else the causal connection between the injury and the employment. *Morris v. Compensation Commissioner,* 135 W.Va. 425, 64 S.E.2d 496. Frequently, in a workmen's compensation case there is an absence of direct evidence, in which event circumstantial evidence must be relied on. Were this not permitted a claimant often would be unable to prove a valid claim.

Commenting on the need for direct evidence, the Court in *Morris, supra,* said: "* * * the absence of such evidence does not preclude an allowance of compensation benefits,

if circumstances are shown from which it may be inferred that his death resulted from such employment." Furthermore, it has been held, and we agree, that to establish the validity of a claim in a workmen's compensation case the degree of proof is not as great as that required in the usual action at law; nor are the rules of evidence as rigidly observed. See Code, 1931, 23-1-15; *Pennington v. State Compensation Commissioner*, 154 W.Va. 378, 175 S.E.2d 440; *Whitt v. State Workmen's Compensation Commissioner*, 153 W.Va. 688, 172 S.E.2d 375; *Morris v. Compensation Commissioner*, 135 W.Va. 425, 64 S.E.2d 496; and *Pannell v. Compensation Commissioner*, 126 W.Va. 725, 30 S.E.2d 129.

Contending that the claimant did not suffer an injury, the employer cites and relies on *Barnett v. State Workmen's Compensation Commissioner*, 153 W.Va. 796, 172 S.E. 2d 698. It was held in that case that the deceased workman's heart attack was not the result of an injury in that it was not caused by a single isolated fortuitous event. In the instant case the evidence reveals that the claimant received a violent jolt at which time he suffered severe chest pains. The physical facts, together with the testimony of the attending physician, strongly tend to support the findings of the appeal board that there was a causal connection between the claimant's disability and his employment. The evidence relating to the buggy incident is sufficient to support a finding that such incident was a single isolated fortuitous event, causing the injury of which he complained.

This Court has long held that the liberality rule, referred to in workmen's compensation cases, has been extended to the construction of evidence. *Sisk v. State Workmen's Compensation Commissioner*, 153 W.Va. 461, 170 S.E.2d 20; *Bragg v. State Workmen's Compensation Commissioner*, 152 W.Va. 706, 166 S.E.2d 162; *Buckalew v. State Compensation Director*, 149 W.Va. 239, 140 S.E.2d 453; *McGeary v. State Compensation Director*, 148 W.Va. 436, 135 S.E.2d 345. Although the liberality rule will not take

the place of evidence, when a fair and reasonable appraisal of the evidence supports the claimant's position the proof may be considered proper and satisfactory.

The employer contends that the claim of the employee is based purely on speculation and therefore cannot be maintained under *Clark v. State Workmen's Compensation Commissioner*, 155 W.Va. 726, 187 S.E.2d 213. In the *Clark* case there was not one iota of evidence as to the cause of leukemia from which the claimant's deceased died. In the instant case the cause of the injury, as noted herein, was revealed by fair and reasonable proof. This proof was based on undisputed evidence which was not mere conjecture.

We are unable to say, after a thorough examination of the evidence, that the finding of the appeal board was wrong. This Court will not reverse a finding of the appeal board unless such finding is plainly wrong. *Ramsey v. State Workmen's Compensation Commissioner*, 153 W.Va. 849, 173 S.E.2d 88; *Burr· v. Compensation Commissioner*, 148 W.Va. 17, 132 S.E.2d 636.

For the reasons stated herein the ruling of the Workmen's Compensation Appeal Board is affirmed.

*Affirmed.*

Judge Haymond did not participate in this decision.