# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**PPG INDUSTRIES, INC.,**
**Employer Below, Petitioner**

**v.) No. 24-ICA-120**          (JCN: 2023018439)

**LINDA WELLS, widow of DAVID WELLS (deceased),**
**Claimant Below, Respondent**

**FILED**
**September 4, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner PPG Industries, Inc. ("PPG") appeals the February 21, 2024, order of the Workers' Compensation Board of Review ("Board"). Respondent Linda Wells filed a response.[1] PPG did not reply. The issue on appeal is whether the Board erred in reversing the claim administrator's order, which denied Ms. Wells' application for fatal dependents' benefits.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Wells was employed by PPG as a pipefitter, welder, and temporary foreman from approximately 1966 through 2001. Mr. Wells filed an occupational disease claim alleging that he developed chronic myelomonocytic leukemia ("CMML") in the course of and resulting from his employment at PPG. By order dated December 5, 2018, the claim administrator denied Mr. Wells' application for benefits. Mr. Wells protested that order.

On September 17, 2019, Mr. Wells was deposed. Mr. Wells testified that he was exposed to benzene while working for PPG from 1966 through 2001. Mr. Wells further testified that he was diagnosed with CMML in approximately 2016, and his doctors had informed him that his CMML was due to occupational benzene exposure. On September 18, 2020, the Office of Judges ("OOJ") issued a decision reversing the claim administrator's order of December 5, 2018, and holding the claim compensable for CMML.

---

[1] PPG is represented by James W. Heslep, Esq. Ms. Wells is represented by R. Dean Hartley, Esq.

1

PPG appealed the OOJ's decision, which was affirmed by the Board on February 19, 2021. Following another appeal by PPG, the Supreme Court of Appeals of West Virginia affirmed the Board's February 19, 2021, order by memorandum decision dated February 10, 2023.

Mr. Wells passed away on September 16, 2021, and his death certificate was completed by Joseph Abraham Zacharias, M.D., on September 21, 2021. Pneumonia caused by SARS-COV-2 was identified as the immediate cause of death, while acute hypoxic respiratory failure, coronary atherosclerosis, and Type 2 diabetes mellitus were sequentially listed as additional conditions leading to the immediate cause of death. CMML was identified as a significant condition contributing to Mr. Wells' death but not resulting in the underlying cause of death.

Ms. Wells submitted an application for fatal dependents' benefits dated September 15, 2022. The application indicated that Mr. Wells' CMML was a contributing factor in his death. Dr. Zacharias drafted a letter dated October 27, 2021, in which he opined that CMML was a material contributing factor to Mr. Wells' death.

On February 21, 2024, the Board issued an order reversing the claim administrator's order, which denied Ms. Wells' application for fatal dependents' benefits. The Board found that the weight of the evidence establishes that Mr. Wells' CMML materially contributed to his death. PPG now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
>
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, No. 23-43, 2024 WL 1715166, __ W. Va. __, __S.E.2d __ (2024).

PPG argues that there is insufficient medical evidence to establish that Mr. Wells died as a result of CMML. PPG further argues that the reliable evidence of record establishes that Mr. Wells died as a result of pneumonia related to SARS-COV-2, not CMML. We disagree.

West Virginia Code § 23-4-10 (2010) provides:

> In case a personal injury, other than occupational pneumoconiosis or occupational disease, suffered by an employee in the course of and resulting from his or her employment, causes death, and the disability was continuous from the date of injury until the date of death, or if death results from occupational pneumoconiosis or any other occupational disease . . . . (b) the dependents shall be paid for as long as their dependency continues in the same amount that was paid or would have been paid the deceased employee for total disability had he or she lived.

The appropriate test under subsection (b) is not whether the employee's death was the result of the occupational injury or disease exclusively, but whether the injury or disease contributed in any material degree to the death. *Bradford v. Workers' Comp. Comm'r*, 185 W. Va. 434, 408 S.E.2d 13 (1991). A claimant in a worker's compensation claim must bear the burden of proving his claim but in doing so it is not necessary to prove to the exclusion of all else the causal connection between the injury and the employment. *Sowder v. State Workmen's Comp. Comm'r*, 155 W. Va. 889, 189 S.E.2d 674 (1972).

Here, the Board found that the weight of the evidence establishes that Mr. Wells' CMML materially contributed to his death. The board noted that Dr. Zacharias opined that CMML was a material preexisting condition contributing to Mr. Wells' death. The Board further noted that there is no medical evidence of record to refute Dr. Zacharias' opinion.

Upon review, we conclude that the Board was not clearly wrong in finding that CMML was a material contributing factor in Mr. Wells' death. As the Board noted, there was medical evidence that CMML was a material preexisting condition that contributed to Mr. Wells' death, and PPG submitted no medical evidence to refute the opinion of Dr. Zacharias. Ultimately, we conclude that the Board was not clearly wrong in determining that Ms. Wells is entitled to fatal dependents' benefits based on the opinion of Dr. Zacharias.

Accordingly, we affirm the Board's February 21, 2024, order.

3

Affirmed.

**ISSUED:**  September 4, 2024

**CONCURRED IN BY:**

Judge Charles O. Lorensen
Judge Daniel W. Greear

Chief Judge Thomas E. Scarr, not participating