# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Dustin Lemaster,**
**Claimant Below, Petitioner**

**v.)**     **No. 24-302**     (JCN: 2023020757)
                           (ICA No. 23-ICA-496)

**Walmart, Inc.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Dustin Lemaster appeals the April 22, 2024, memorandum decision of the Intermediate Court of Appeals ("ICA"). *See Lemaster v. Walmart, Inc.*, No. 23-ICA-496, 2024 WL 1730078 (W. Va. Ct. App. Apr. 22, 2024) (memorandum decision). Respondent Walmart, Inc. filed a timely response.[1] The issue on appeal is whether the ICA erred in affirming the West Virginia Workers' Compensation Board of Review's November 9, 2023, order affirming the denial of Mr. Lemaster's application for benefits. The Board of Review found that Mr. Lemaster failed to establish that he sustained an injury in the course of and resulting from his employment.

On appeal, the petitioner argues that the ICA committed plain legal error and was clearly wrong when it affirmed the Board of Review's order. The petitioner asserts that it is inconsequential whether his injury occurred from lifting a particular bag or the collective effect of lifting multiple bags, and that either possibility should be treated as an occupational injury. The petitioner further believes that the ICA should have remanded the claim to the Board of Review, arguing that the Board of Review was clearly wrong in finding that the petitioner's claim did not describe an isolated, fortuitous right shoulder injury occurring on March 16, 2023. The respondent counters by arguing that the petitioner failed to prove by a preponderance of evidence that he sustained a personal injury as the result of an isolated, fortuitous event in the course of and resulting from his employment on March 16, 2023.

This Court reviews questions of law de novo, while we accord deference to the Board of Review's findings of fact unless the findings are clearly wrong. Syl. Pt. 3, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024). Upon consideration of the record and briefs, we find no reversible error and therefore summarily affirm. *See* W. Va. R. App. P. 21(c).

---

[1] The petitioner is represented by counsel William B. Gerwig III, and the respondent is represented by counsel H. Dill Battle III.

Affirmed.

**ISSUED: February 20, 2025**

**CONCURRED IN BY:**

Justice Tim Armstead
Justice C. Haley Bunn
Justice Charles S. Trump IV

**DISSENTING:**

Chief Justice William R. Wooton
Justice Elizabeth D. Walker


WALKER, Justice, dissenting, joined by WOOTON, Chief Justice:

Dustin Lemaster claims that he injured his right shoulder on March 16, 2023, lifting heavy bags of dog food while working as a merchandise stocker for Walmart, Inc., in Moundsville. The issue is whether Mr. Lemaster met his burden of proving that he sustained a compensable injury. West Virginia Code § 23-4-1(a) requires a claimant to show, by a preponderance of the evidence, that he received an injury in the course of and resulting from his employment, nothing more. Walmart's claims administrator denied Mr. Lemaster's application, and the matter proceeded to the Workers' Compensation Board of Review for factual development.

"In order for a claim to be held compensable under the Workmen's Compensation Act, three elements must coexist: (1) a personal injury (2) received in the course of employment and (3) resulting from that employment."[1] In support of his claim, Mr. Lemaster submitted several pieces of evidence to the Board of Review: the Employees' and Physicians' Report of Injury (WC-1), signed by a physician on March 19, 2023, progress notes from his treating physician, Charles C. Milton, D.O.,[2] as well as an Associate Incident Report dated April 27, 2023. The physician who signed the WC-1 (when Mr. Lemaster was seen at Reynolds Memorial Hospital), diagnosed a strain/sprain and indicated that it was a result of an occupational injury. Dr. Milton's treatment notes indicate that Mr. Lemaster had persistent right shoulder discomfort that began when "he was lifting bags of dog food[.]" The Associate Incident Report—signed by Mr. Lemaster and a Walmart manager—lists the date of the incident as March 16, 2023, and states, "Per email from aleesa randall . . . he lifted a bag of dog food and did something to his shoulder."

---

[1] Syl. Pt. 1, *Barnett v. State Workmen's Comp. Comm'r*, 153 W. Va. 796, 172 S.E.2d 698 (1970); *see also* W. Va. Code § 23-4-1(a).

[2] Mr. Lemaster began treatment with Dr. Milton on April 5, 2023. He returned to Dr. Milton on April 19, 2023. Mr. Lemaster was instructed to continue home exercises, and he was released to return to work on April 21, 2023.

Although Walmart submitted no evidence to refute Mr. Lemaster's claim, the Board of Review concluded that there was no competent evidence to establish that Mr. Lemaster suffered a compensable injury. It noted Mr. Lemaster's failure to describe "an isolated, fortuitous injury on the WC-1 form[,]"[3] as well as his failure to include medical records from Reynolds Memorial Hospital. The Board of Review also noted that Mr. Lemaster did not report the injury to Walmart until April 27, 2023. Mr. Lemaster appealed that ruling and the Intermediate Court of Appeals affirmed.[4] The majority of this Court summarily affirms the ICA's decision, citing our highly deferential standard of review.[5] I respectfully dissent.

The ICA's decision that affirmed the Board of Review's decision is, simply put, clearly wrong. Under the preponderance of the evidence standard,[6] Mr. Lemaster met his burden of proving that he sustained an injury in the course of and resulting from employment. This is not a close case; the factfinder had no conflicting evidence to weigh. Walmart submitted nothing to refute Mr. Lemaster's claim, and no evidence indicates there may be an alternate reason for his right shoulder injury. It is well-settled that the factfinder in a workers compensation case has the sole authority to determine the quality, character, and substance of the evidence.[7] And where

___

[3] When describing how the injury occurred, Mr. Lemaster stated, "I lift heavy stuff all day long and my right shoulder hurts[.]"

[4] The Board of Review stated that this Court addressed a "similar compensability issue" in *Wilson v. Safelite Grp., Inc.,* No. 20-0387, 2021 WL 4936286 (W. Va. Sept. 27, 2021) (memorandum decision), and affirmed prior rulings rejecting the claim because the claimant was unable to identify an isolated, fortuitous event. But the ICA did not rely on *Wilson*, for sound reason, as that case is clearly distinguishable. In *Wilson*, the claimant stated that he injured his shoulder due to repetitive lifting and grabbing while installing windshields at work. When deposed, the claimant in *Wilson* could not identify a specific day or time that he was injured. *Id.* at *3. But here, Mr. Lemaster consistently reported that he was injured on March 16, 2023.

[5] *See* Syl. Pt. 3, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528, (2024) ("On appeal of a decision of the West Virginia Workers' Compensation Board of Review from the Intermediate Court of Appeals of West Virginia to the Supreme Court of Appeals of West Virginia, the Supreme Court of Appeals is bound by the statutory standards contained in West Virginia Code § 23-5-12a(b) (eff. Jan. 13, 2022). Questions of law are reviewed *de novo*, while findings of fact made by the Board of Review are accorded deference unless the reviewing court believes the findings to be clearly wrong.").

[6] The generally accepted meaning of preponderance of the evidence is "more likely than not." *Jackson v. State Farm Mut. Auto. Ins. Co.*, 215 W. Va. 634, 640, 600 S.E.2d 346, 352 (2004).

[7] *See Hood v. Lincare Holdings, Inc.*, 249 W. Va. 108, 115, 894 S.E.2d 890, 897 (2023) ("the factfinder certainly may weigh the nuances surrounding how the injury occurred to resolve the ultimate question of whether the claimant met his burden of proof of showing it was work

evidence is conflicting, the question of which evidence to believe is the exclusive province of the factfinder. The problem here, though, is that there was *no* conflicting evidence on the issue of compensability. Granted, a factfinder may reject uncontroverted evidence as unreliable or not credible, but the factfinder here articulated no valid reason for doing so.

When affirming the Board of Review, the ICA stated that Mr. Lemaster "provided differing explanations for his injury, first referencing 'lifting heavy stuff all day long' as the cause on the WC-1 form, and later stating that he specifically 'lifted a bag of dog food and did something to his shoulder' on the Associate Incident Report." But these explanations for the injury are not inconsistent. Rather, the latter is more detailed than the former. The ICA also noted that Mr. Lemaster did not return to work on April 21, 2023, after Dr. Milton instructed him that he could do so, but that fact is irrelevant to the issue of whether he sustained a compensable injury on March 16, 2023. Notably, the Board of Review and the ICA failed to mention that the Associate Incident Report—completed and signed by a Walmart manager—corroborates Mr. Lemaster's claim.

The Board of Review and ICA impermissibly raised the standard of proof in this claim by effectively asking Mr. Lemaster to prove to the exclusion of all else the causal connection between the injury and his employment. But this Court has held that, "[a] claimant in a workmen's compensation case must bear the burden of proving his claim but in doing so it is not necessary to prove to the exclusion of all else the causal connection between the injury and employment."[8] For these reasons, I would reverse and remand with directions to hold the claim compensable. I am authorized to state that Chief Justice Wooton joins this dissent.

---

connected. As decision-making goes, the factfinder in a workers compensation case is the ALJ or hearing examiner—not this Court.").

[8] Syl. Pt. 2, *Sowder v. State Workmen's Comp. Comm'r*, 155 W. Va. 889, 189 S.E.2d 674 (1972).