IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**EVERICK NEWBORN,**
**Claimant Below, Petitioner**

**FILED**
**December 4, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 25-ICA-179**          (JCN: 2024014680)

**GESTAMP NORTH AMERICA, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Everick Newborn appeals the April 3, 2025, order of the Workers' Compensation Board of Review ("Board"), which affirmed the claim administrator's decision, found Mr. Newborn reached maximum medical improvement ("MMI") for his compensable injury, and closed Mr. Newborn's claim for temporary total disability ("TTD") benefits. Respondent Gestamp North America, Inc. ("Gestamp") filed a response.[1] Mr. Newborn did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

On February 5, 2024, Mr. Newborn injured his back when he bent over to pick up parts while working at Gestamp. On that same day, he went to Thomas Memorial Hospital's emergency department where he was diagnosed with an acute lumbar myofascial strain. Mr. Newborn reported no previous history of back pain, and a lumbar spine x-ray was taken, which showed no fracture or dislocation. Mr. Newborn submitted a claim for workers' compensation benefits. On March 8, 2024, the claim administrator held Mr. Newborn's claim compensable for a lumbar sprain and noted he had not missed four consecutive days of work and, as a result, was not entitled to TTD benefits.

On June 12, 2024, Mr. Newborn saw neurosurgeon Robert J. Crow, Jr., M.D., and reported midline posterior bilateral lumbar spine pain, ongoing for at least one to two years with no specific precipitating event. He also reported that he had previously visited a pain

---

[1] Mr. Newborn is self-represented. Gestamp is represented by Jeffrey M. Carder, Esq.

clinic and received injections in the lumbar spine. Further, Mr. Newborn reported that after his injury at work in February of 2024, he experienced intermittent, nonspecific diffuse symptoms in his right leg. Dr. Crow reviewed Mr. Newborn's MRI, which was taken on April 20, 2024, and stated that it showed no acute change, that there was a moderate to severe degree of degeneration of the L5-S1 disc with minor retrolisthesis, and a sizable central left disc protrusion and herniation causing a moderate to severe degree of left S1 lateral recess stenosis, but no significant canal or foraminal stenosis. Dr. Crow indicated the study was otherwise normal for Mr. Newborn's age and that there was no significant neural element compression at any other level. Dr. Crow reviewed x-rays that were performed in May of 2024 and determined that they showed no acute change, although moderate to severe degeneration of the L5-S1 disc space with minor retrolisthesis was noted. Dr. Crow diagnosed Mr. Newborn with chronic low back pain with recent exacerbation due to his lifting injury, and isolated L5-S1 disc degeneration. Dr. Crow indicated Mr. Newborn had no complaints consistent with a left L5-S1 disc herniation and indicated that he was not a surgical candidate. Dr. Crow referred Mr. Newborn to pain management.

On July 16, 2024, the claim administrator authorized a pain management referral to Timothy R. Deer, M.D., from July 16, 2024, to August 16, 2024. Mr. Newborn attended a pain management referral with Dr. Deer on July 26, 2024, and Dr. Deer assessed him with lumbar radiculopathy, chronic pain syndrome (due to a report of pain with a duration of more than three months), lumbosacral radiculopathy, and a lumbar sprain. Dr. Deer ordered sixteen physical therapy visits and recommended bilateral L5 lumbar transforaminal epidural steroid injections with repeat injections, if he responds to treatment. Dr. Deer also recommended a back brace to provide support and help reduce the pain.

On August 6, 2024, Prasadarao B. Mukkamala, M.D., performed an independent medical evaluation. Dr. Mukkamala opined that there was evidence of pre-existing degenerative lumbar disc disease and that Mr. Newborn's MRI findings established the L5-S1 disc protrusion and disc desiccation were all pre-existing and not causally related to the compensable injury. Dr. Mukkamala further explained that the disc protrusion was in contact with the S1 nerve root on the left side, but Mr. Newborn's lower extremity symptoms were predominantly on the right side, and the MRI findings do not correlate with the clinical findings. Dr. Mukkamala concluded that Mr. Newborn sustained a lumbar sprain/strain because of the compensable injury and that Mr. Newborn did not require any further treatment for the compensable injury. Dr. Mukkamala reviewed the job description, concluded that Mr. Newborn was capable of returning to work without restrictions, and stated Mr. Newborn had reached MMI for the compensable injury. Dr. Mukkamala found a total of 8% whole person impairment but apportioned 5% for preexisting non-compensable degenerative spondyloarthropathy and 3% to the compensable injury.

On September 3, 2024, the claim administrator suspended Mr. Newborn's TTD benefits because Dr. Mukkamala determined Mr. Newborn reached MMI. Mr. Newborn

was advised that his claim would be closed for TTD benefits unless he provided additional medical information sufficient to continue the benefits. The claim administrator also awarded Mr. Newborn a 3% permanent partial disability based on Dr. Mukkamala's report. On October 3, 2024, the claim administrator closed the claim for TTD benefits because no additional information was received indicating Mr. Newborn remained disabled from work. Mr. Newborn protested this order.

On April 3, 2025, the Board affirmed the claim administrator's October 3, 2024, order closing the claim for TTD benefits. The Board held that Dr. Mukkamala placed Mr. Newborn at MMI and released him to return to work, and that Mr. Newborn did not meet his burden of establishing that he remained temporarily and totally disabled. It is from this order that Mr. Newborn now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
>
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

On appeal, Mr. Newborn asserts one assignment of error and argues he never received treatment for his compensable injury[2] and requests that his TTD benefits be reinstated. The Board noted that Mr. Newborn provided evidence that he continued to receive treatment. However, the Board also found that Dr. Mukkamala determined Mr.

---

[2] The decision on appeal only addresses the termination of Mr. Newborn's TTD benefits, and authorization of treatment for the compensable injury is not at issue in this appeal.

Newborn had reached MMI, and that Mr. Newborn failed to submit any evidence establishing he remained temporarily totally disabled from working. As noted by the Board, pursuant to West Virginia Code § 23-4-7a(e) (2005), entitlement to TTD benefits ceases when a claimant reaches MMI, is released to return to work, or returns to work, whichever occurs first. We also note that the statute provides that "[i]n all cases, a finding … that the claimant has reached his or her maximum degree of improvement terminates the claimant's entitlement to temporary total disability benefits regardless of whether the claimant has been released to return to work." *Id.* Upon review, we conclude that the Board's determination that Mr. Newborn failed to establish that he remained entitled to TTD benefits was not in clear violation of any constitutional or statutory provision, was not clearly the result of erroneous conclusions of law, and was not based upon a material misstatement or mischaracterization of the evidentiary record. Further, we note that it was Mr. Newborn's burden to prove he is entitled to TTD benefits, and he failed to present any medical evidence to rebut Dr. Mukkamala's findings that he was at MMI from his compensable injury. *See* Syl. Pt. 2, *Sowder v. State Workmen's Comp. Comm'r*, 155 W. Va. 889, 189 S.E.2d 674 (1972) ("A claimant in a workmen's compensation case must bear the burden of proving his claim….")

Accordingly, we affirm the Board's April 3, 2025, order.

Affirmed.


**ISSUED:** December 4, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White