# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**JAVIER JIMENEZ,**
**Claimant Below, Petitioner**

**FILED**
**February 27, 2026**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 25-ICA-310**          (JCN: 2024010211)

**ALMOST HEAVEN GC, LLC D/B/A**
**GOLDEN CORRAL,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Javier Jimenez appeals the July 7, 2025, order of the Workers' Compensation Board of Review ("Board"), which affirmed the claim administrator's order and denied the addition of radiculopathy of the lumbosacral spine due to disc disorder and degeneration of the lumbar intervertebral disc as compensable conditions because Mr. Jimenez failed to establish that these conditions were causally related to his compensable injury. Respondent Almost Heaven GC, LLC d/b/a Golden Corral ("Golden Corral") filed a response.[1] Mr. Jimenez did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

On July 15, 2023, Mr. Jimenez was working for Golden Corral when he fell and injured his left leg while taking out the trash. On that same date, Mr. Jimenez sought medical treatment at MedExpress and was assessed with pain in the left lower limb and a contusion of the left thigh. He reported no back pain, weakness, or numbness, and a physical examination of the lumbar spine revealed normal alignment and no tenderness. An x-ray of the left femur was performed and revealed moderate arthritic changes of the left hip joint and no acute osseous abnormality of the femur. On October 16, 2023, Mr. Jimenez was seen by Richard Meadows, D.O., and presented with right-sided sciatica pain that started in the low back and went down the right leg. Mr. Jimenez reported no specific injury that could have caused the pain, and Dr. Meadows conducted a physical examination

---

[1] Mr. Jimenez is represented by Lori J. Withrow, Esq., and Reginald D. Henry, Esq. Golden Corral is represented by Steven K. Wellman, Esq., and James W. Heslep, Esq.

of the lumbar spine that revealed tenderness on the right side that almost extended to his right knee. Dr. Meadows assessed right-side sciatica. On November 14, 2023, Mr. Jimenez was seen by Michael Gray, D.O., and again presented with right sciatic pain that radiated down the buttocks and right leg and numbness in his right foot. Dr. Gray assessed lumbago co-occurrent with right side sciatica.

On November 18, 2023, Mr. Jimenez presented to the emergency department at Beckley ARH Hospital with right low back pain that radiated down the right leg and pain and numbness in the right leg and buttock. Mr. Jimenez stated he experienced this pain for two months without any recent trauma to his low back or right side. The clinical impression was sciatica. An x-ray was performed, which showed moderate degenerative changes without acute fracture or subluxation. On November 22, 2023, Mr. Jimenez was seen by Dr. Meadows for a follow-up regarding his low back pain, and Dr. Meadows ordered an MRI. Mr. Jimenez underwent an MRI on December 1, 2023, and it showed mild disc bulging at L3-4 and L4-5, chronic discogenic changes at the L5-S1 level, and a right central-subarticular disc extrusion with mass effect upon the right S1 nerve root.

On January 11, 2024, Mr. Jimenez submitted an Employees' and Physicians' Report of Occupational Injury or Disease and the physician's section stated Mr. Jimenez sustained left leg pain and a left thigh contusion as a result of an occupational injury. Mr. Jimenez was deposed on May 29, 2024, and testified that prior to his compensable injury he had no injuries, treatment, or diagnostic testing involving the lumbar spine. He testified that he experienced a sciatica problem ten years ago but that it went away after a couple of days. He testified that the present injury occurred when he was wheeling out a garbage can at work on July 15, 2023, when he slipped and slammed against the wall very hard. He stated his body struck the wall from his left hip downward and that he was knocked to the ground. He further testified that he missed two weeks of work after this incident because he could not lift or walk on his left leg. After his compensable injury, Mr. Jimenez testified that he started to experience sciatic pain on his right side that started at his hip and went down into his buttocks as well as back pain down into his legs.

On November 20, 2024, the Board reversed the claim administrator's orders dated February 20, 2024, and June 5, 2024,[2] and held Mr. Jimenez's claim compensable for a left thigh contusion. On December 11, 2024, Mr. Jimenez presented to Lanny Meadows, M.D., with chronic back pain issues that were worse on his right side and radiated down his right leg. Dr. Meadows assessed radiculopathy of the lumbosacral spine due to disc disorder and degeneration of the lumbar intervertebral disc. Dr. Meadows completed a Diagnosis Update Form dated December 11, 2024, requesting that radiculopathy of the lumbosacral

---

[2] We note that the claim administrator's orders rejecting Mr. Jimenez's claim are not provided in the record on appeal. However, Mr. Jimenez's appendix does contain the Board's November 20, 2024, order.

spine due to disc disorder and degeneration of the lumbar intervertebral disc be added as compensable conditions in the claim. Dr. Meadows stated that Mr. Jimenez had experienced symptoms since the compensable injury and imaging showed L3-4, L4-5, and L5-S1 pathology consistent with his symptoms.

On January 14, 2025, the claim administrator denied Mr. Jimenez's request to add radiculopathy of the lumbosacral spine due to disc disorder and degeneration of the lumbar intervertebral disc as compensable conditions. Mr. Jimenez protested this decision. On April 14, 2025, Dr. Meadows issued a letter which reported that a review of Mr. Jimenez's chart showed he did not experience low back pain with radicular symptoms prior to the compensable injury. Dr. Meadows further stated that the MRI performed on December 2, 2023, revealed degenerative changes of the lumbar spine, most notably at L5-S1 with extrusion of the disc and impingement upon the S1 nerve root.

On July 7, 2025, the Board entered an order which affirmed the claim administrator's January 14, 2025, order and denied the addition of radiculopathy of the lumbosacral spine due to disc disorder and degeneration of the lumbar intervertebral disc as compensable conditions in this claim. It is from this order that Mr. Jimenez now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
>
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

On appeal, Mr. Jimenez asserts one assignment of error and argues the Board was clearly wrong in finding radiculopathy of the lumbosacral spine due to disc disorder and degeneration of the lumbar intervertebral disc were not sustained in the course of and

3

resulting from his compensable injury. We disagree. "In order for a claim to be held compensable under the Workmen's Compensation Act, three elements must coexist: (1) a personal injury (2) received in the course of employment and (3) resulting from that employment." Syl. Pt. 1, *Barnett v. State Workmen's Comp. Comm'r*, 153 W. Va. 796, 172 S.E.2d 698 (1970); *see also* W. Va. Code § 23-4-1(a) (2024). In the instant case, Mr. Jimenez had the burden of proving that his workplace fall either caused his low back condition or, alternatively, that the compensable injury exacerbated, accelerated, or worsened his back condition causing a new distinct injury. *See* Syl. Pt. 2, *Sowder v. State Workmen's Comp. Comm'r*, 155 W. Va. 889, 189 S.E.2d 674 (1972) ("A claimant in a workmen's compensation case must bear the burden of proving his claim . . . .") The Supreme Court of Appeals of West Virginia ("SCAWV") has established the standard for when the aggravation of a preexisting condition could be held compensable as follows:

> A noncompensable preexisting injury may not be added as a compensable component of a claim for workers' compensation medical benefits merely because it may have been aggravated by a compensable injury. To the extent that the aggravation of a noncompensable preexisting injury results in a [discrete] new injury, that new injury may be found compensable.

Syl. Pt. 3, *Gill v. City of Charleston*, 236 W. Va. 737, 783 S.E.2d 857 (2016). Further,

> [a] claimant's disability will be presumed to have resulted from the compensable injury if: (1) before the injury, the claimant's preexisting disease or condition was asymptomatic, and (2) following the injury, the symptoms of the disabling disease or condition appeared and continuously manifested themselves afterwards. There still must be sufficient medical evidence to show a causal relationship between the compensable injury and the disability, or the nature of the accident, combined with the other facts of the case, raises a natural inference of causation. This presumption is not conclusive; it may be rebutted by the employer.

Syl. Pt. 5, *Moore v. ICG Tygart Valley, LLC*, 247 W. Va. 292, 879 S.E.2d 779 (2022). Also, this Court held that "[w]hen read in unison, *Gill* and *Moore* do not render preexisting injuries compensable. Compensability is limited only to discrete new injuries and disabilities that manifest following the compensable injury." *Blackhawk Mining, LLC, v. Argabright*, 251 W. Va. 549, 552, 915 S.E.2d 7, 10 (Ct. App. 2023), *aff'd*, No. 23-381, 2024 WL 3984505 (W. Va. Aug. 27, 2024) (memorandum decision).

In this case, the Board noted that Mr. Jimenez's workplace fall caused left-side trauma, did not contemporaneously cause right-sided symptoms, and his radiculopathy of the lumbosacral spine did not continuously manifest after the compensable injury. The Board relied on the MedExpress records from the date of the compensable injury where Mr. Jimenez reported no back pain, weakness, or numbness and a physician examination

4

revealed no tenderness of the lumbar spine. The Board further stated that Mr. Jimenez first reported back pain three months after the compensable injury occurred, and his lumbar symptoms occurred on his right-side while the compensable injury occurred on his left. Further, the Board stated that no medical provider attributed the symptoms to the compensable injury until Dr. Meadows did on December 11, 2024, which was nearly a year and a half after the compensable injury occurred. The Board also held that Dr. Meadows offered no explanation as to how Mr. Jimenez's right-side low back pain and radicular symptoms developed from the compensable left-side trauma.

Next, the Board held that Mr. Jimenez failed to establish that degeneration of the lumbar intervertebral disc was a discrete new injury. The Board found this condition to be degenerative in nature and held it preexisted the compensable injury based on the November 28, 2023, x-ray, which revealed moderate degenerative changes, and the December 1, 2023, MRI, which revealed chronic discogenic changes at L5-S1. The Board noted that in *Bimbo Bakeries, USA v. Hawkins*, No. 22-ICA-119, 2023 WL 1463716, at \*3 (W. Va. Ct. App. Feb. 2, 2023) (memorandum decision), "the Board is obligated to determine if [a claimant] has met his burden of proving that these conditions are new, [discrete] injuries, resulting from his workplace injury and if there is sufficient evidence to show a causal relationship between the injury and these conditions."

Based on these facts, the Board held Mr. Jimenez failed to establish that these conditions were causally related to the compensable injury or resulted from the events which caused the compensable injury. The Board did not err in finding that degeneration of the lumbar intervertebral disc is not causally related to the compensable injury because the evidence, particularly the diagnostic imaging, reveals the condition preexisted the compensable injury and is a chronic, degenerative condition. Similarly, we cannot find that the Board erred in determining that radiculopathy of the lumbosacral spine was not causally connected to the compensable injury because Mr. Jiminez did not have back or right leg complaints at the time of the injury, did not fall on his right side, and the right-sided symptoms did not occur until about three months after the work injury. As the Supreme Court of Appeals of West Virginia has set forth, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). With this deferential standard of review in mind, we cannot conclude that the Board was clearly wrong in affirming the claim administrator's order and denying the addition of radiculopathy of the lumbosacral spine due to disc disorder and degeneration of the lumbar intervertebral disc as compensable conditions.

Accordingly, we affirm the Board's July 7, 2025, order.

Affirmed.

**ISSUED:**  February 27, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge S. Ryan White