313 S.E.2d 426

**Thomas E. RUSHMAN**

v.

**Gretchen O. LEWIS, Commissioner, Workers' Compensation Fund, and Lewis Marx Toy Factory.**

**No. 15996.**

Supreme Court of Appeals of West Virginia.

March 2, 1984.

**150**

Schrader, Stamp, Byrd, Byrum & Companion, Barbara L. Baxter, Wheeling, for appellant.

Frank W. Helvey, Jr., Workmen's Compensation Fund, Charleston, for appellee.

PER CURIAM:

This workers' compensation case involving Thomas E. Rushman's claim for dependency benefits is before the Court upon a writ of certiorari. The State Workers' Compensation Commissioner has provided a complete record of all proceedings below. After mature consideration of all matters of record, the writ is discharged.

Bertha Rushman, who had been employed for twenty-eight years at Lewis Marx Toy Factory, fell while at work in August of 1979. Coworkers found her lying on the floor unconscious with no vital signs. She was resuscitated but remained in a coma and never regained consciousness.

Thomas Rushman filed a timely claim for dependent's benefits. Based on the autopsy report, discharge summary, death certificate, and other medical evidence, the Commissioner denied the claim on January 3, 1980. Rushman did not protest the Commissioner's ruling and it became a final adjudication of the claim.

■ Rushman, acting *pro se*, eventually came here seeking relief. The evidence indicates that the contributing cause of the death was a myocardial infarction that occurred at work. The decedent also sustained a head trauma, apparently when she collapsed. The evidence does clearly indicate that the death did not result from the head injury. From all that appears of record, the decedent's death was not due to either a job-related injury or disease resulting from employment. Evidence that the heart attack occurred at work is not, standing alone, sufficient proof to support an award. *See, e.g., Sowder v. State Workmen's Compensation Commissioner*, 155 W.Va. 889, 189 S.E.2d 674 (1972); *Martin v. State Workmen's Compensation Commissioner*, 107 W.Va. 583, 149 S.E. 824 (1929). Had Rushman protested the Commissioner's ruling and the case came to us on appeal from an adverse decision by the Workers' Compensation Appeal Board, we would have been unable to find that decision clearly wrong and would have affirmed. Moreover, the possibility that Rushman could at this date make a showing of a causal connection between the decedent's heart attack and her working conditions seems, at best, extremely remote.

■ There has thus been no showing of a failure of justice, error of law or mistake of fact that would justify relief in certiorari. It is enough here to recite our general standard of appellate review:

"This Court will not reverse a finding of fact made by the Workmen's Compensation Appeal Board unless it appears from the proof upon which the appeal board acted that the finding is plainly wrong." Syl. pt. 2, *Jordan v. State Workmen's Compensation Commissioner*, 156 W.Va. 159, 191 S.E.2d 497 (1972), *quoting*, Syllabus, *Dunlap v. State Workmen's Compensation Commissioner*, 152 W.Va. 359, 163 S.E.2d 605 (1968).

Consequently, we do not decide the procedural question of whether Rushman's failure to object to the rejection of his claim in a timely manner was the result of innocent mistake or excusable neglect within the meaning of *Bailey v. State Workmen's Compensation Commissioner*, 170 W.Va. 771, 296 S.E.2d 901 (1982).

We therefore discharge the writ of certiorari heretofore issued, and our ruling is ordered certified to the Workers' Compensation Commissioner.

Writ discharged.