IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**KGPCO, INC.,**
**Employer below, Petitioner**

**FILED**
**April 10, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.)**     **No. 22-ICA-246**     (JCN: 2017003462)

**MICHAEL EDEN,**
**Claimant below, Respondent**

## MEMORANDUM DECISION

Petitioner KGPCO, INC. ("KGPCO") appeals the October 7, 2022, order of the West Virginia Workers' Compensation Board of Review ("BOR"). Respondent Michael Eden ("Mr. Eden") filed a timely response.[1] Petitioner did not file a reply.

The issue on appeal is whether the BOR erred in reversing the claim administrator's order and granting Mr. Eden an additional seventeen percent (17%) permanent partial disability ("PPD") award, increasing his initial ten percent (10%) PPD award to twenty-seven percent (27%) whole person impairment. KGPCO now appeals the OOJ's order.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' briefs, the record on appeal, the oral arguments of counsel and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the BOR's October 7, 2022, order is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

Mr. Eden worked as a warehouse employee for KGPCO. On June 18, 2020, Mr. Eden was injured at work when a large roll of metal cable, weighing approximately one thousand (1,000) pounds rolled down a ramp and struck him. Mr. Eden treated at Princeton Community Hospital, where he underwent a complex debridement surgery and closure of a wound on his right lower extremity. On July 10, 2020, Mr. Eden underwent a second surgery to perform skin grafts on the medial and lateral aspects of his right lower extremity encompassing a 111 cm$^2$ region, with the donor tissue taken from his right thigh. The claim administrator held the claim compensable for cervical strain, left shoulder strain, and right leg laceration.

On March 10, 2021, Mr. Eden underwent an independent medical evaluation ("IME") performed by Joseph E. Grady II, M.D. Dr. Grady determined that Mr. Eden sustained a crushing injury and laceration of right lower extremity with some residual scarring, cervical sprain superimposed upon preexisting multilevel degenerative cervical

---

[1] KGPCO, Inc. is represented by Daniel G. Murdock, Esq. Mr. Eden is represented by Lori J. Withrow, Esq.

spondylosis, and left shoulder strain with chronic arthritic changes and age indeterminate labral tear on MRI. Dr. Grady opined that Mr. Eden would have difficulty returning to work at full duty given the injuries to his right lower leg, neck, and left shoulder. Using the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) (the "AMA *Guides*"), Dr. Grady assigned Mr. Eden three percent (3%) whole person impairment ("WPI") for his cervical spine and two percent (2%) WPI for his left shoulder. Regarding the injury to Mr. Eden's leg, Dr. Grady found three percent (3%) WPI due to loss of range of motion in the area. For scarring, Dr. Grady placed Mr. Eden in Class I[2] of Table 2 on page 280 of the *Guides*, recommending two percent (2%) WPI. In sum, Dr. Grady recommended a total of ten percent (10%) WPI. On March 19, 2021, the claim administrator granted Mr. Eden a ten percent (10%) PPD award based on Dr. Grady's recommendation. Mr. Eden timely protested.

On August 18, 2021, Mr. Eden underwent a second IME performed by Michael J. Kominsky, D.C. Using the AMA *Guides*, Dr. Kominsky recommended six percent (6%) WPI for Mr. Eden's cervical spine, four percent (4%) WPI for the left shoulder, and five percent (5%) WPI due to loss of range of motion in the right lower leg. Regarding scarring of the leg, Dr. Kominsky noted that Mr. Eden had significant scarring with subcutaneous loss and deformity of the medial calf. He further noted loss of skin pigmentation; disfigured and altered appearance; and lessened sensation. Dr. Kominsky placed Mr. Eden in Class II[3] of Table 2 on page 280 of the AMA *Guides*, finding he required intermittent treatments such as pain medication, anti-inflammatories, and nerve medication. As such, Dr. Kominsky recommended seventeen percent (17%) WPI for the scarring. In sum, Dr. Kominsky recommended twenty-nine percent (29%) WPI due to the compensable injury.

On September 1, 2021, Mr. Eden underwent a third IME, which was performed by Robert B. Walker, M.D. Using the AMA *Guides*, Dr. Walker recommended six percent (6%) WPI for the cervical spine and five percent (5%) WPI for the shoulder. Regarding the right lower leg, Dr. Walker also placed Mr. Eden in Class II of Table 2 on page 280 of the AMA *Guides*. Dr. Walker noted that Mr. Eden suffered from limitations in activities of daily living and function, significant cosmetic deformity, symptoms, and the requirement

---

[2] Class I sets forth the following requirements: (1) the "[s]igns and symptoms of skin disorder are present or only intermittently present" and (2) "[t]here is no limitation or limitation in the performance of a few activities of daily living, although exposure to certain chemical or physical agents might increase limitation temporarily," and (3) "[n]o treatment or intermittent treatment is required." A Class I skin disorder has an impairment range of 0% - 9%.

[3] Class II sets forth the following requirements: (1) "[s]igns and symptoms of skin disorder are present or only intermittently present," and (2) "[t]here is limitation in the performance of some of the activities of daily living," and (3) "[i]ntermittent to constant treatment may be required." A Class II skin disorder has an impairment range of 10% - 24%.

of daily care such as skin lubricants and sunscreen. As such, Dr. Walker recommended fifteen percent (15%) WPI for the scarring. Lastly, Dr. Walker recommended four percent (4%) WPI for loss of range of motion in the right leg/ankle. In total, Dr. Walker recommended twenty-seven percent (27%) WPI attributable to the compensable injuries.[4]

On April 5, 2022, Mr. Eden underwent a fourth and final IME which was performed by Marsha Bailey, M.D. Dr. Bailey recommended zero percent (0%) WPI for Mr. Eden's cervical spine, left shoulder, and right lower leg. Regarding scarring, Dr. Bailey placed Mr. Eden into Class 1 of Table 2 on page 280 of the AMA *Guides*, finding that he had no limitation in the performance of activities of daily living and required no intermittent treatment. As such, Dr. Bailey recommended five percent (5%) WPI for Mr. Eden's scarring, which was her total recommendation.

By order dated October 7, 2022, the BOR reversed the claim administrator's order granting Mr. Eden a ten percent (10%) PPD award and, instead, granted him a twenty-seven percent (27%) PPD award based upon Dr. Walker's recommendation. In reaching its conclusion, the BOR disregarded Dr. Bailey's IME report, noting she attributed Mr. Eden's cervical strain, left shoulder strain, and right leg laceration to preexisting conditions and that her report was not credible. The BOR reasoned that the greatest disagreement between the other three evaluators involved placement of Mr. Eden in either Class I or Class II of Table 2 of the AMA *Guides* for the purposes of determining WPI for his scarring. The BOR determined that Mr. Eden more aptly fit into Class II as his activities of daily life had been substantially reduced by his compensable injury. The BOR noted that Mr. Eden required treatments, such as ointments and sunscreen, to prevent further damage to his leg. As such, the BOR found that placement of Mr. Eden into Class II was supported by the medical evidence. It is from the BOR's October 7, 2022, decision that KGPCO now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;

---

[4] We note that Dr. Walker's report contained a one percent (1%) mathematical error; however, this error was not set forth as an assignment of error by KGPCO and, therefore, was waived. *See* Syl. Pt. 6, *Addair v. Bryant*, 168 W. Va. 306, 307, 284 S.E.2d 374, 376 (1981).

(4)    Affected by other error of law;

(5)    Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or

(6)    Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, No. 22-ICA-10, ____ W. Va. ____, ____, 882 S.E. 2d 916, 921, 2022 WL 17546598, at *4 (W. Va. Ct. App. 2022).

On appeal, KGPCO argues that the BOR erred in reversing the claim administrator's order and granting Mr. Eden an additional seventeen percent (17%) PPD award based upon Dr. Walker's recommendation. Specifically, KGPCO avers that Dr. Walker and Dr. Kominsky erred in determining that Mr. Eden's scarring on his right calf interferes with any of his daily activities of living and requires ongoing treatment. After a review of the record, we disagree and find no error. Based on the record, the BOR was not clearly wrong in reversing the claim administrator's ten percent (10%) PPD award and increasing the PPD award to twenty-seven percent (27%).

As referenced above, Mr. Eden was placed into Class II of Table 2 on page 280 of the AMA *Guides* by two physicians, both of whom opined that his skin grafting and scarring limited his performance of some activities of daily living and required treatment, such as ointments and sunscreen, to prevent additional damage. While Dr. Grady and Dr. Bailey maintained contrary positions, the mere existence of differing opinions does not foreclose the BOR, as the undisputed trier of fact, from making its own determination as to the reliability and credibility of each of the IME reports.[5] Drs. Grady, Kominsky and Walker, all opined that Mr. Eden's right leg scarring continues to restrict his ability to perform certain life activities.[6] Further, the AMA *Guides* do not distinguish between curative, palliative, and preventative treatments, when referencing the classes contained in Table 2 on page 280. Therefore, the BOR's reliance on treatments advanced by Drs. Kominsky and Walker was not misplaced and cannot be characterized as erroneous.

In reviewing decisions by administrative agencies, "[T]he plainly wrong standard of review is a deferential one, which presumes an administrative tribunal's actions are valid as long as the decision is supported by substantial evidence." *Duff v. Kanawha Cnty. Comm'n*, No. 22-ICA-10, ____ W. Va. ____, ____, 882 S.E. 2d 916, 921, 2022 WL

---

[5] We note the language contained in Class I and Class II of Table 2 on page 280 has overlapping criteria; and it is entirely possible for a claimant to be considered in both classes, or neither. Placement of a claimant in one of the classes is a factually driven determination to be made by the reviewing physician. The BOR reliance on physician's opinion is entitled to substantial deference when supported by evidence on the record.

[6] While the BOR's order may not be a model example in establishing the application of factual findings to their conclusions of law, the BOR's determination is clearly supported by the evidence of record.

4

17546598, at *11 (W. Va. Ct. App. 2022)(citing Syl Pt. 3, *In Re Queen*, 196 W.Va. 442, 473 S.E. 2d 483 (1996)). "This Court will not reverse a finding of fact made by the Workmen's Compensation Appeal Board unless it appears from the proof upon which the appeal board acted that the finding is plainly wrong*." Plummer v. Workers Comp. Div.*, 209 W. Va. 710, 712, 551 S.E.2d 46, 48 (2001)(citing Syl. Pt., *Rushman v. Lewis,* 173 W.Va. 149, 313 S.E.2d 426 (1984)). Here, the BOR's determination that Mr. Eden's scarring fit appropriately within the requirements of Class II of Table 2 on page 280 of the AMA *Guides* was supported by substantial evidence and is not clearly wrong.

Accordingly, we affirm the BOR's October 7, 2022, order.

Affirmed.

**ISSUED:** April 10, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge Thomas E. Scarr