# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**ANTHONY STEWART,**
**Claimant Below, Petitioner**

**v.) No. 25-ICA-256**        (JCN: 2023020331)

**CORONADO COAL CORPORATION,**
**Employer Below, Respondent**

**FILED**
**February 3, 2026**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Anthony Stewart appeals the May 29, 2025, order of the Workers' Compensation Board of Review ("Board"), which reversed the decision of the claim administrator and granted Mr. Stewart a 3% permanent partial disability ("PPD") award related to his compensable right hand and finger injury. Respondent Coronado Coal Corporation ("Coronado") filed a response.[1] Mr. Stewart did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

On May 2, 2023, Mr. Stewart was employed by Coronado as a roof bolter and suffered an injury to his right middle, index, and ring fingers when a rock fell on his hand. An x-ray of Mr. Stewart's right hand, performed on May 2, 2023, revealed fractures of the right index and ring fingers. Mr. Stewart submitted a claim for workers' compensation benefits, and the claim administrator held his claim compensable for a right-hand contusion and right ring finger fracture in an order dated May 3, 2023. On that same date, Mr. Stewart was seen by Luis E. Bolano, M.D., who diagnosed the injury as a closed, displaced fracture of the proximal phalanx of the right ring finger. Dr. Bolano recommended an open reduction and internal fixation of the right ring finger fracture, and Mr. Stewart agreed to proceed with surgery. On May 12, 2023, Mr. Stewart underwent an open reduction and internal fixation of a right ring finger proximal phalanx fracture performed by Dr. Bolano.

---

[1] Mr. Stewart is represented by Reginald D. Henry, Esq., and Lori J. Withrow, Esq. Coronado is represented by Steven K. Wellman, Esq., and James W. Heslep, Esq.

On September 22, 2023, Prasadarao B. Mukkamala, M.D., performed an independent medical evaluation ("IME") at the request of the claim administrator. Dr. Mukkamala found Mr. Stewart had reached maximum medical improvement ("MMI") for the compensable injury and found a 2% whole person impairment ("WPI") for range of motion abnormalities in the middle and ring fingers of the right hand. Dr. Mukkamala only diagnosed the fractures, and his report did not address carpal tunnel syndrome ("CTS"). On September 28, 2023, the claim administrator granted Mr. Stewart a 2% PPD award.

On July 2, 2024, Bruce A. Guberman, M.D., performed an IME at the request of Mr. Stewart. Dr. Guberman reported that Mr. Stewart underwent extensive physical therapy for his finger fractures, but he continued to have range of motion restrictions in the right index, middle, and ring fingers. He also developed sensory loss in the distribution of the right median nerve of his right hand in late July or early August of 2023 and was found to have positive signs of right CTS. Dr. Guberman reported a positive Tinel's and Phalen's sign in the right wrist that was strongly suggestive of right CTS. Dr. Guberman opined that Mr. Stewart developed right CTS as a result of the compensable injury, had not reached MMI for the CTS, but had reached MMI in regard to his right index, middle, and ring finger injuries. Dr. Guberman further found an 8% WPI for range of motion abnormalities in the right index, middle, and ring fingers, and a 6% WPI for right CTS, for a total of 14% WPI for the compensable injury.

On February 22, 2025, Austin Nabet, D.O., performed an IME at the request of Coronado. Dr. Nabet found that Mr. Stewart's compensable injury resulted in a right ring finger fracture, status post open reduction and internal fixation; a right index finger closed tuft fracture; and a right long finger soft tissue laceration of the distal digit. Dr. Nabet further opined that Mr. Stewart's right CTS diagnosis was not causally related to the compensable injury and found he had a total of 3% WPI for range of motion abnormalities in his right index, middle, and ring fingers. On May 29, 2025, the Board reversed the claim administrator's September 28, 2023, decision and granted Mr. Stewart a 3% PPD award. It is from this order that Mr. Stewart now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
>
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;

(3) Made upon unlawful procedures;
(4) Affected by other error of law;
(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

On appeal, Mr. Stewart asserts one assignment of error and argues the Board was clearly wrong in granting a 3% PPD award because the Board's decision failed to explain why Dr. Guberman's clinical findings and 8% WPI rating for range of motion abnormalities in the right index, middle, and ring fingers were less reliable than the other doctors, and there was no finding that Dr. Guberman's assessment did not properly follow the Guides. We disagree. This Court "will not reverse a finding of fact made by the Workmen's Compensation Appeal Board unless it appears from the proof upon which the appeal board acted that the finding is plainly wrong." *Plummer v. Worker's Com. Div.*, 209 W. Va. 710, 712, 551 S.E.2d 46, 48 (2001) (citing Syl. Pt. *Rushman v. Lewis*, 173 W. Va. 149, 313 S.E.2d 426 (1984)). Further, the plainly wrong standard "presumes an administrative tribunal's actions are valid as long as the decision is supported by substantial evidence." *Duff v. Kanawha Cnty. Comm'n*, 247 W. Va. 550, 555, 882 S.E.2d 916, 921 (Ct. App. 2022), *rev'd on other grounds*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

In this case, the Board's order clearly states that it found Dr. Guberman's report unpersuasive because his impairment ratings were not consistent with the weight of the medical evidence and his right finger range of motion deficits far exceeded the range of motion deficits documented by Drs. Mukkamala and Nabet. The Board further found that the impairment ratings of both Drs. Mukkamala and Nabet were quite similar and differed by only a single percentage point. As a result, the Board determined that the findings outlined by Drs. Mukkamala and Nabet were more persuasive, and Mr. Stewart failed to rebut these findings. As the Supreme Court of Appeals of West Virginia has set forth, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). With this deferential standard of review in mind, we cannot conclude that the Board was clearly wrong in finding that Dr. Mukkamala's and Dr. Nabet's IMEs were of equal evidentiary weight and that Mr. Stewart was entitled to a 3% PPD award.

Accordingly, we affirm the Board's May 29, 2025, order.

Affirmed.

**ISSUED:** February 3, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge S. Ryan White