IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**February 3, 2026**
ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**ALLIANCE COAL, LLC,**
**Employer Below, Petitioner**

**v.) No. 25-ICA-284**          (JCN: 2022023205)

**ASHLEY CARTE,**
**Claimant Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Alliance Coal, LLC ("Alliance") appeals the June 10, 2025, order of the Workers' Compensation Board of Review ("Board"), which reversed two claim administrator's orders and granted Respondent Ashley Carte a 12% permanent partial disability ("PPD") award. Mr. Carte filed a response.[1] Alliance did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

On May 17, 2022, Mr. Carte was employed by Alliance as an underground fire boss in a coal mine when he injured the bicep/forearm of his left arm while he was repositioning roof straps.[2] He did not seek medical attention for this injury until October 10, 2022, because he believed the pain would resolve on its own. On that same date, Mr. Carte submitted an Employees' and Physicians' Report of Occupational Injury or Disease related to this injury, and the physician's section stated Mr. Carte suffered a left biceps strain/tear.

On November 16, 2022, Mr. Carte was seen by Michael D. Myers, M.D., and complained of left elbow pain. Dr. Myers ordered an MRI. On December 21, 2022, Mr. Carte was again seen by Dr. Myers, who reviewed the MRI that revealed no full-thickness tear of the left biceps and minimal edema associated with distal biceps insertion onto the radial tuberosity. Dr. Myers assessed the injury as left elbow pain and left arm pain and

---

[1] Alliance is represented by James W. Heslep, Esq. Mr. Carte is represented by James T. Carey, Esq.

[2] The claim administrator's compensability orders are not included in the record on appeal.

made a differential diagnosis of posterior interosseous nerve syndrome. Dr. Myers ordered physical therapy and recommended Mr. Carte seek a second opinion with an orthopedic specialist.

On February 2, 2023, Mr. Carte was seen by Christopher C. Schmidt, M.D., and was diagnosed with a rupture of the left distal biceps tendon. Dr. Schmidt reviewed the MRI and stated it showed a probable long head tear. Prior interpretation of the MRI stated Mr. Carte had an edema within the distal biceps tendon, but Dr. Schmidt disagreed and felt the edema was actually a partial thickness tear. Dr. Schmidt then recommended either continued physical therapy or surgery to determine if a tear was present, and Mr. Carte chose surgery. On February 10, 2023, Dr. Schmidt performed surgery and confirmed Mr. Carte sustained a left partial distal biceps rupture and repaired the injury.

On May 3, 2023, D. Kelly Agnew, M.D., performed an independent medical examination ("IME") at the request of the claim administrator and determined that Mr. Carte needed ongoing therapy for strengthening and could be employed for very light work. Dr. Agnew stated that maximum medical improvement ("MMI") would likely be reached six months after surgery. On September 27, 2023, Dr. Agnew performed a second IME and determined Mr. Carte reached MMI with a 0% whole person impairment ("WPI"), based on the *AMA Guides to the Evaluation of Permanent Impairment*, 4th Edition ("*Guides*") and his findings of no range of motion deficits, peripheral nervous involvement, or peripheral vascular impairment. According to Dr. Agnew, Mr. Carte was using his left upper extremity, but that Mr. Carte felt the left arm was limited. On July 26, 2023, a physical therapy progress update indicated Mr. Carte's left grip strength increased 23 pounds to 105 pounds since June 21, 2023, and stated that his right-hand grip strength was 180 pounds. On October 4, 2023, the claim administrator found Mr. Carte was not entitled to a PPD award based on the report of Dr. Agnew. Mr. Carte protested this order.

On December 28, 2023, Bruce A. Guberman, M.D., performed an IME at the request of Mr. Carte. Dr. Guberman found Mr. Carte's symptoms had improved but had not resolved based on Mr. Carte's reports that he was experiencing pain and weakness in his left elbow, left biceps, and left hand with decreased grip strength. Dr. Guberman opined that Mr. Carte had major limiting weakness in his left elbow, arm, and hand as a result of the injury and noted that Mr. Carte's grip strength was significantly diminished in the left-hand compared to the right. Dr. Guberman's grip strength testing, measured with a Jamar Dynamometer over five settings, on Mr. Carte's left hand revealed 42, 52, 60, 46, and 40 kg, and on his right hand 35, 72, 76, 70, and 30 kg. Repeated measurements were 55, 55, and 55 kg on the left and 86, 86, and 86 kg on the right. Based on Table 34 on page 65 of the *Guides* and the grip strength testing, Dr. Guberman opined that Mr. Carte had reached MMI with a 12% WPI based on significant loss of grip strength in the left hand opposed to the right.

2

On April 30, 2024, Jennifer L. Lultschik, M.D., performed an IME at the request of Alliance. Mr. Carte complained of left elbow pain after lifting and left arm pain when pulling. Dr. Lultschik determined Mr. Carte reached MMI with a 0% WPI. Dr. Lultschik noted that all three evaluators found no impairment of Mr. Carte's left elbow using the range of motion model and noted that Dr. Guberman's reliance on loss of grip strength was a disfavored methodology of rating because range of motion testing could be performed. She further opined that the compensable injury did not cause concern for permanent loss of grip strength and further opined that Mr. Carte's prior history of a left wrist fracture as well as osteoarthritis could result in loss of grip strength. Dr. Lultschik recorded left grip strength, measured with a Jamar Dynamometer over five settings, as 29, 39, 46, 44, and 36 kg, and right grip strength as 42, 84, 78, 70, and 64 kg. Relying on these grip strength measurements, Dr. Lultschik opined that Mr. Carte had no WPI for loss of grip strength and she further opined that Mr. Carte had no WPI for loss of grip strength based on Dr. Guberman's grip strength measurements.

On May 14, 2024, the claim administrator entered another order granting Mr. Carte a 0% PPD award based on Dr. Lultschik's report. Mr. Carte protested this decision. On June 13, 2024, Dr. Guberman submitted an addendum to his IME and opined that Dr. Lultschik's technique in calculating grip strength impairment was not consistent with the *Guides*. He stated Mr. Carte reported significant limitations in his left-hand strength when compared to the right and that Mr. Carte's left arm showed signs of atrophy. On June 10, 2025, the Board reversed the claim administrator's order and granted Mr. Carte a 12% PPD award based on Dr. Guberman's report. It is from this order that Alliance now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
>
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

On appeal, Alliance asserts one assignment of error and argues the Board erred in granting Mr. Carte a 12% PPD award and relying on Dr. Guberman's report because his report deviated from the *Guides*. We disagree. This Court "will not reverse a finding of fact made by the Workmen's Compensation Appeal Board unless it appears from the proof upon which the appeal board acted that the finding is plainly wrong." *Plummer v. Worker's Com. Div.*, 209 W.Va. 710, 712 551 S.E.2d 46, 48 (2001) (citing Syl. Pt. *Rushman v. Lewis*, 173 W.Va. 149, 313 S.E.2d 426 (1984)). Further, the plainly wrong standard "presumes an administrative tribunal's actions are valid as long as the decision is supported by substantial evidence." *Duff v. Kanawha Cnty. Comm'n*, 247 W. Va. 550, 555, 882 S.E.2d 916, 921 (Ct. App. 2022), *rev'd on other grounds*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

In this case, the Board's order found Dr. Guberman's report to be the only reliable report on whether grip strength was appropriate to use. The Board further stated that Dr. Guberman's finding of significant left-hand grip strength loss compared to the right-hand was corroborated by the July 26, 2023, physical therapy progress report, which showed Mr. Carte's left-hand grip strength was 105 pounds compared to 180 pounds in his right-hand. The Board also held that Dr. Guberman's findings were further corroborated by Dr. Lultschik's measurements documented in her April 30, 2024, IME, which further confirmed the loss of left-hand grip strength. As a result, the Board determined that both Mr. Carte's statements to Dr. Guberman regarding his loss of grip strength and Dr. Guberman's evidence showing significant loss of grip strength between the left and right hands were more persuasive, and Alliance has failed to rebut these findings. As the Board noted, the *Guides* allow the use of grip strength as the basis for an impairment rating in rare cases, and Dr. Guberman concluded that this was such a case. Thus, we find no error in the Board's determination that Dr. Guberman's application of loss of grip strength pursuant to the *Guides* was appropriate in this case.

As the Supreme Court of Appeals of West Virginia has set forth, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). With this deferential standard of review in mind, we cannot conclude that the Board was clearly wrong in finding Mr. Carte sustained a 12% WPI from loss of grip strength due to the compensable injury.

Accordingly, we affirm the Board's June 10, 2025, order.

Affirmed.

4

**ISSUED:**  February 3, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge S. Ryan White